32132. SMITH v. THE STATE.

INGRAM, Justice.

Appellant J. E. Smith was convicted of armed robbery in Appling Superior Court and sentenced to 12 years imprisonment. He appeals primarily on the ground that his conviction was obtained solely on the uncorroborated testimony of one of the accomplices to the crime. The evidence does not support this contention and, as we find no merit in appellant's enumerations of error, the conviction will be affirmed.

This is what happened: Benny Ray Mitchell, the brother of one of the accomplices to the armed robbery, testified that at approximately 12:30-1:00 p.m., September 17, 1975, Elmer Ronald Fulmore, Willie D. Mitchell and appellant visited him at his house. The three were driving a Buick fitting the description of the two-tone brown and beige Buick Electra 225 owned by appellant.

At approximately 2:00 p.m. on that day, Mrs. Florence O'Quinn was robbed in her service station by two black males brandishing a pistol. She could not identify her assailants, but she did testify that after the robbery she peered out the door to the service station and saw the two men go down the road, around the corner to a waiting car. Ronald Fulmore testified at trial that he and Willie D. Mitchell were the two men who had entered the service station and robbed Mrs. O'Quinn. He also testified that

appellant was driving the get-away car.

Fulmore also testified that earlier in the day, approximately one hour before the robbery, the three men had driven to Mrs. O'Quinn's service station and appellant had gone inside to inquire about the whereabouts of "Georgia boy." Mrs. O'Quinn testified that earlier in the day a black male driving a two-tone car had been in her service station asking about "Georgia boy." She could not, however, identify appellant as that man.

Wayne County Deputy Sheriff, Joseph Westbrook, testified that he observed a two-tone Buick Electra with three black males near the location of the robbery shortly after the robbery occurred. He later recalled that he had seen appellant driving that particular car on previous occasions.

Appling County Sheriff J. R. Carter, who was the investigating officer, observed two sets of footprints leading from the service station to a point down the road about one hundred yards away where an automobile had been parked. Photographs taken of the tire tracks matched photographs taken of the tires on appellant's automobile (the tread on the outer edge of the right rear tire on appellant's car had been worn down, as had the right rear tire on the car parked near the scene of the crime).

Appellant testified in his own behalf that he had loaned his car to Fulmore and Mitchell between approximately 12:00 noon and 2:15 p.m. that day. Appellant admitted having passed a deputy sheriff in his car that afternoon, but he testified that his wife and child were in the car with him at that time.

It is the law in Georgia that the testimony of an accomplice used to convict the accused of a crime must be supported by independent corroborating evidence as to the identity and participation of the accused tending to connect him to the crime or leading to the inference that he is guilty. Code Ann. § 38-121 (5742; 1017 P.C.). See, e.g., *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976); *West v. State,* 232 Ga. 861 (209 SE2d 195) (1974); *Allen v. State,* 215 Ga. 455 (111 SE2d 70) (1959). However, the corroborating evidence need not of itself be sufficient to

642

warrant a conviction of the crime charged.

"Slight evidence from an extraneous source identifying the accused as a participant in the criminal act will be sufficient corroboration of the accomplice to support a verdict. *Evans v. State,* 78 Ga. 351; *Roberts v. State,* 55 Ga. 220. The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it cannot be said, as a matter of law, that the verdict is contrary to the evidence. *Chapman v. State,* 109 Ga. 165." *Brown v. State,* 232 Ga. 838, 840 (209 SE2d 180) (1974).

"The conduct of a defendant before, during the time of, and after the commission of a crime, may be considered by the jury in establishing his intention and his participation, to determine whether or not such intention and conduct were sufficient corroboration of the testimony of an accomplice to sustain a conviction. This may be done by circumstantial as well as by direct evidence." *Williams v. State,* 222 Ga. 208, 220 (149 SE2d 449) (1966). However, the corroborating evidence must do more than cast on the defendant a grave suspicion of guilt. *Allen v. State,* supra.

Under the Georgia case law, appellant's conviction must be affirmed. The independent evidence introduced at trial sufficiently corroborated the accomplice's testimony to authorize the jury's verdict of guilty.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan, Hall and Hill, JJ., concur.*

SUBMITTED MARCH 25, 1977 — DECIDED APRIL 20, 1977.

*E. M. Wilkes, III,* for appellant.

*Arthur K. Bolton, Attorney General, Daryl A. Robinson, Staff Assistant Attorney General, Glenn Thomas, Jr., District Attorney, Joseph J. Ossick, Jr., Assistant District Attorney,* for appellee.