59658. DON HOWARD'S MUSIC MART, INC. v. SOUTHERN
BELL TELEPHONE & TELEGRAPH COMPANY.

DEEN, Chief Judge.

1. "Where the only contested issues are as to the liability of the defendant and the amount of damages inflicted, and a verdict in favor of the defendant is returned by the jury, a charge of the court calculated to affect the finding of the jury on the question of the amount of damages only, and not calculated to affect their finding upon the question of the defendant's liability or nonliability, will not require a new trial whether erroneous or not." *Delta Corp. v. Knight,* 109 Ga. App. 3 (1) (135 SE2d 56) (1964). To the same effect see *Brand v. Montega Corp.,* 233 Ga. 32 (3) (209 SE2d 581) (1974); *Hogan v. City-County Hospital,* 138 Ga. App. 906 (6), 911 (227 SE2d 796) (1976) and cases listed in *Maloy v. Dixon,* 127 Ga. App. 151, 156 (193 SE2d 19) (1972). Where the appellant sued for actual and punitive damages and attorney fees based on fraud and misrepresentation in overcharging it for WATS line services, and the jury returned a general verdict for the defendant, it is immaterial that the court refused to instruct the jury on the issues of punitive damages and attorney fees.

2. The evidence, although in conflict, was sufficient to support the verdict for the defendant. Assuming that the utility had a duty to explain to the president of the appellant corporation as a prospective customer the different options open to one contracting for use of a WATS line, and the cost and relative advantages of each, the defendant produced a former employee, now working for another company, who testified that she had been trained and performed the duties of a communications consultant; that in the course of her job she remembered having a conversation with the defendant's president about ordering a WATS line for his business, and by referring to a customer's log which she filled in following each call she verified both that she had explained the types of service available, the price of each, and had sent him brochures containing the same information in writing. She also testified that plaintiff's president stated he wanted to expand his business, which she accepted as a reason for ordering a flat rate (unlimited time) rather than a metered rate, based on time used. There was

additional testimony that the log was kept in the usual course of business and that it was checked daily by a superior. While the fact that payment options were explained to him was denied by the plaintiff's owner it appears that the service was used for about two and a half years without demur, and this evidence, with other supporting circumstances, was sufficient to support a verdict for the defendant, since a dispute over the accuracy of the record (and of the witness' recollection) affects only the weight to be given it by the jury. "As a general rule, the testimony of one who has knowledge of the facts from which books of account are made up is primary evidence as to those facts." *Harrison v. Lawhorne,* 130 Ga. App. 314 (203 SE2d 292) (1973). The same applies to the contact log involved here. Code § 38-711.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED APRIL 7, 1980 — DECIDED MAY 16, 1980.

*G. Fred Bostick,* for appellant.
*R. Phillip Shinall, III, Gary M. Sams,* for appellee.