## 61362. STANFORD v. THE STATE.

QUILLIAN, Chief Judge.

The defendant, Jerome Stanford, appeals his conviction of the offense of armed robbery. *Held:*

There are two enumerations of error — (1) the general grounds, and (2) overruling of defendant's Motion for Directed Verdict "because the State's case was based on the uncorroborated testimony of a co-defendant." As each enumeration tests the sufficiency of the evidence they will be discussed together in this Division.

Hinton Bailey testified that on the afternoon of November 9, 1979, he was operating his grocery store when a late model, "grayish" car pulled up to his store. A black male came into the store and asked for a can of "transmission fluid." He went into the back room for the item and turned to see the same man with a snub-nosed pistol. He was ordered to lie down on the floor and his hands were tied behind his back with a rope. He "heard the car door make a racket on the outside . . ." His wallet and between $300 and $340 in cash were taken. He identified the man who held the pistol on him as "Cornwell."

Boyce Cornwell testified that he, the defendant, Dewane Johnson, and two other men lived in one apartment. On the afternoon of November 9, 1979, he and the defendant were riding around in his car — a '75 silver, Dodge Charger. The defendant told him it would be easy to rob Hinton Bailey — "ask for a quart of transmission fluid and he'll go back in the back, and when he goes back, go back and tie him up." Cornwell testified that he did as he was requested and tied

Bailey up and the defendant came in and got the money. He recognized the rope that was used to tie up Mr. Bailey as that taken from a coil of rope in his car. After taking the money he and the defendant went back to "the apartment."

Dewane Johnson testified that he lived in the apartment with the defendant and Cornwell and that on the afternoon of November 9, 1979, "around" 2:30 to 3:00 p. m., Cornwell came into their apartment and asked him to go for a ride. They went to Cornwell's car and the defendant was in it. Johnson saw "some money. Lot of bills," loose in a plastic bag, in the console of the car, between Cornwell and the defendant. He was asked: "And you were with them from that point on, is that correct? A. That's correct."

A police officer testified that Exhibit 2 was the rope given him by Bailey which was used to tie him up. Exhibit 3 was similar rope removed from the trunk of Cornwell's car. A microanalysist from the State Crime Lab compared Exhibits 2 and 3 and found them "similar in all respects . . . size . . . number of threads . . . way in which the threads are wound around a central core and the types of fibers and all were all identical." A one dollar bill found in the defendant and Cornwell's apartment was identified by Bailey as being one he had carried for over 30 years — yellow on one side and green on the other.

" 'The rule is well established that, to sustain a conviction in a felony case upon the testimony of an accomplice, there must be corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime, or lead to the inference that he is guilty, and more than sufficient to merely cast on the defendant a grave suspicion of guilt.' " *Slocum v. State,* 230 Ga. 762, 764 (199 SE2d 202). Conduct of the defendant, before, during, and after the commission of a crime may be considered by a jury in establishing his participation to determine whether such conduct was sufficient corroboration of the testimony of an accomplice to sustain a conviction. *Smith v. State,* 238 Ga. 640, 642 (235 SE2d 17). This may be done by circumstantial as well as direct evidence. *Williams v. State,* 222 Ga. 208, 220 (149 SE2d 449). "The sufficiency of the corroboration evidence is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of cor- roboration connecting a defendant with the crime, the verdict is legally sufficient." *Carter v. State,* 237 Ga. 617, 618 (229 SE2d 411); *Reaves v. State,* 242 Ga. 542, 543 (250 SE2d 376); *Gunter v. State,* 243 Ga. 651, 655 (256 SE2d 341).

The cumulative evidence showed the defendant was known to Mr. Bailey — the owner of the grocery store. This would have been one reason Cornwell had Bailey to go into a back room. The

defendant lived in the same apartment with Cornwell, who admitted he robbed Mr. Bailey, and was identified by Mr. Bailey as one of the two robbers in Cornwell's car. The $1 bill taken in the robbery was found in the defendant's and Cornwell's apartment — and could have been in the possession of either. The rope used to tie up Bailey came from Cornwell's car in which the defendant was seen at approximately the time of the robbery. Cornwell and the defendant were in Cornwell's car with a large amount of money between them, "around 3:00 p. m." — the time Cornwell robbed Bailey. Since the defendant was then in the company of Cornwell, in the car used in the robbery, with a large amount of cash, and a witness stayed with them "from that point on . . .," the robbery must have occurred immediately prior to that time. We find there was sufficient evidence for a rational juror to conclude that the accomplice's testimony was corroborated, and the evidence adduced at trial proved the guilt of the defendant beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). These enumerations are without merit.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 23, 1981.

*Ben F. Hendricks,* for appellant.
Jerome Stanford, *pro se.*
*J. W. Morgan, District Attorney, Michael Walker, Assistant District Attorney,* for appellee.