## 61365. WILSON v. THE STATE.
## 61384. STANDRIDGE v. THE STATE.

Shulman, Presiding Judge.

Defendants Wilson and Standridge were convicted of the offenses of burglary and armed robbery. Defendant Wilson was also charged with and convicted of the offense of theft by taking. On appeal, we affirm all convictions.

1. Defendants assert error in the trial court's failure to grant a continuance so that defense counsel could prepare pre-trial motions. Defendants contend that the court's refusal to grant a continuance rendered counsel's assistance at trial ineffective, in essence denying defendants their Sixth Amendment right to counsel.

The grant or denial of a continuance is within the sound

discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. *Plemons v. State,* 155 Ga. App. 447 (5C) (270 SE2d 836). Defense counsel argued that, although he had been retained weeks before trial, he had not prepared pre-trial motions because, until a few days prior to the scheduled trial date, defendants were planning to enter pleas of guilty. Pretermitting the validity of defendants' excuse for defense counsel's lack of preparation, it is more important to note that defendants have failed to demonstrate how additional time would have benefited them or how the lack of time harmed them. See *Davis v. State,* 240 Ga. 763 (1) (243 SE2d 12). For that reason, we find no error in the trial court's denial of appellants' motion for continuance.

2. Defendants complain of the admission into evidence of a .25 caliber semi-automatic pistol, clip and cartridges.

The detective who ultimately made the arrest of the defendants saw them at the "Tara Lounge." The detective testified that when he entered the bar and made eye contact with defendant Wilson, Wilson leaned over and reached for his left ankle. Defendant Wilson was searched upon his arrest, and the pistol, clip and cartridges in question were found in his left sock. Defendants argue that the pistol was not connected to the offenses charged and, for that reason, was erroneously admitted into evidence.

We agree with the state's contention that the evidence was properly admitted as a circumstance of appellants' arrest. Defendant-Wilson's conduct in reaching toward what was found to be a hidden pistol is evidence (though not conclusive) of his attempted resistance or flight. Therefore, it was relevant and admissible as an incident of defendants' arrest. See, e.g., *Newman v. State,* 239 Ga. 329 (236 SE2d 673). Compare *Martin v. State,* 143 Ga. App. 875 (240 SE2d 231).

3. Defendants argue that the state's failure to introduce or present positive identification of a shotgun as the weapon used during the armed robbery forbids its admission into evidence.

The prosecutrix testified that she had bought a shotgun that was exactly like the gun shown to her at trial, that defendant used that weapon during the course of the robbery, and that she saw the defendants leave her house carrying the gun. In short, there was testimony that a shotgun was used during the commission of the offense and that the gun shown at trial appeared to be that gun. The trial court properly admitted the weapon in evidence. *Ruffin v. State,* 243 Ga. 95 (5) (252 SE2d 472).

4. The testimony regarding defendant-Standridge's arrest on other warrants was offered outside the presence of the jury and could not have prejudiced the jury.

5. Defendants enumerate as error the trial court's denial of their motion for mistrial based upon the state's allegedly inflammatory and improper argument to the jury. Our review of the argument does not support appellants' contentions that it was improper. The court justifiably refused defendants' request for a mistrial.

6. We find without merit appellant-Wilson's argument that the state improperly influenced and prejudiced the jury against defendant by welcoming and greeting the jury. Defense counsel subsequently engaged in a full and complete voir dire of the jury panel and made no complaint in regard to the impartiality of the selected jury panel. Defendants' contention that the jury was prejudiced is not borne out by the record and transcript and does not present cause for reversal.

7. Defendant-Wilson argues that, despite counsel's request, the trial court failed to apply the rule of sequestration to a witness for the state, a police detective. Defendant makes no showing as to how the officer's activities or movements in and out of the courtroom prejudiced the presentation of his case, but merely argues that the officer's movements did not "aid" the defendant.

Application of the rule of sequestration is within the sound discretion of the trial court. In the case before us, the assistant district attorney stated his need for the services of the witness during the trial. That being so, in the absence of the defendant's showing that the court's refusal to sequester the witness constituted a manifest abuse of discretion, we find no error. Code Ann. § 38-1703. *Wilson v. State,* 145 Ga. App. 315 (2) (244 SE2d 355); *Jones v. State,* 147 Ga. App. 583 (1) (249 SE2d 627).

8. Testimony concerning a conversation between a witness for the state and her roommate as to whether the witness had given defendant-Wilson permission to use her automobile was not inadmissible hearsay. The conversation occurred as the automobile was being driven away. It was contemporaneous with and grew out of defendant's alleged wrongful taking of the automobile. Evidence of the conversation was therefore properly admitted as part of the res gestae. See *McGee v. State,* 121 Ga. App. 221 (1) (173 SE2d 427).

9. Defendant-Wilson complains of the trial court's refusal to allow him to examine certain documents or portions of documents used by a state witness (a police detective) to refresh his recollection. The record contradicts defendant's allegation that he was not allowed to examine those materials. This enumeration of error is therefore groundless.

10. Defendant-Wilson contends that his right to counsel was violated by taking his fingerprints after the trial commenced, in his lawyer's absence. Assuming defendant's factual assertions are

accurate (the testimony on that issue is equivocal), we find no error. See United States v. Wade, 388 U. S. 218, 227 (87 SC 1926, 18 LE2d 1149), stating that the taking of fingerprints is not a critical stage at which the accused is entitled to the presence of counsel.

Contrary to defendant-Wilson's assertions, his character was not impermissibly placed in evidence by the admission of the fingerprint evidence. There was no implication by the admission of the fingerprint cards that defendant was arrested for or had committed a second offense (for which he was not currently being tried).

11. Defendant-Wilson was indicted as an habitual offender under Code Ann. § 27-2511 and sentenced accordingly. Defendant's contention that the trial court improperly pronounced sentence upon him under the terms of Code Ann. § 27-2511 is not valid.

12. In accordance with the prerequisites of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), we find that a rational trier of fact could reasonably have found defendants guilty beyond a reasonable doubt of the offenses charged.

*Judgments affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED MARCH 20, 1981 —
REHEARING DENIED APRIL 2, 1981.

*Virgil C. Spence,* for appellant (case no. 61365).
*Harris P. Baskin, Jr.,* for appellant (case no. 61384).
*Thomas J. Charron, District Attorney, James F. Morris, Assistant District Attorney,* for appellee.