## 62714. PATTERSON v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction of multiple counts of bribery under Code Ann. § 26-2301 and one count of criminal use of an article with an altered identification mark under Code Ann. § 26-1506.

1. Appellant enumerates as error the trial court's disposition of his "Motion For Discovery And To Compel Disclosure." The record demonstrates that no error occurred in this regard. *Tribble v. State,* 248 Ga. 274 (280 SE2d 352) (1981); *Barnes v. State,* 157 Ga. App. 582, 584 (2) (277 SE2d 916) (1981).

2. It was not error to deny appellant's motion to sever the offenses for separate trials. See generally *Owens v. State,* 233 Ga. 905 (213 SE2d 860) (1975); *Clemson v. State,* 239 Ga. 357, 359 (1) (236 SE2d 663) (1977); *Gober v. State,* 247 Ga. 652, 653 (1) (278 SE2d 386) (1981); *Davis v. State,* 158 Ga. App. 549 (1) (281 SE2d 305) (1981).

3. It was not error to admit certain documents into evidence over appellant's objection that "there is no relevancy or materiality on any issue involved in this case." The evidence related to certain of appellant's financial dealings and arrangements during the time of inquiry and was offered and admitted for the purpose of corroborating the testimony of appellant's alleged accomplice concerning his payments to appellant. As such, the evidence was relevant and material in the case. " 'The conduct of a defendant before, during the time of, and after the commission of a crime, may be considered by the jury in establishing his intention and his participation, to determine whether or not such intention and conduct were sufficient corroboration of the testimony of an accomplice to sustain a conviction. . .' [Cit.]" *Smith v. State,* 238 Ga. 640, 642 (235 SE2d 17) (1977). " 'The sufficiency of the corroboration evidence is peculiarly a matter for the jury to determine. . .' [Cits.]" *Stanford v. State,* 157 Ga. App. 633, 634 (278 SE2d 175) (1981).

4. In related enumerations of error appellant argues that his motion for a directed verdict of acquittal as to all counts was erroneously denied. Suffice it to say that we have carefully reviewed the entire record and find the evidence sufficient to support the verdict. See generally *Whitfield v. State,* 159 Ga. App. 398 (283 SE2d 627) (1981). Nor do we find meritorious appellant's assertion that the state failed to produce sufficient evidence of the tolling of the statute of limitation as to two counts. See *Taylor v. State,* 174 Ga. 52, 68 (9) (162 SE 504) (1931), overruled on other grounds, *Wood v. State,* 219 Ga. 509 (134 SE2d 8) (1963). After a review of the entire record, we find that a rational trior of fact could reasonably have found from the

evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

5. In related enumerations of error appellant attacks the sentence of the trial court insofar as it imposed as a condition of suspension of a portion thereof the requirement that appellant make restitution in various amounts. Appellant contends, in essence, that his conditional suspended sentence was imposed without the trial court first conducting a hearing on the restitution issue. The record in the instant case shows that restitution in varying amounts was made a condition of the partial suspension of appellant's sentence without any post-trial pre-sentence hearing being conducted. Under these circumstances, we find that the portion of appellant's sentence imposing restitution must be reversed and the case remanded for resentencing. "Code Ann. §§ 27-3008 through 27-3010 contemplate *a hearing* and specific written findings by the court in determining whether it will order restitution and, if so, the amount thereof. [Cit.]" (Emphasis supplied.) *Cannon v. State,* 246 Ga. 754, 756 (272 SE2d 709) (1980). We do not believe that the evidence adduced during the guilt-innocence phase of the trial satisfies the requirement under Code Ann. § 27-3001 et seq. that a hearing on the issue of restitution be held. Obviously the only relevant inquiry in that first phase of the case is whether or not the defendant is guilty of the crimes alleged. Equally as obvious is that Code Ann. § 27-3001 et seq., which has application to "those found guilty of crimes," contemplates a post-trial hearing on the issue of restitution wherein the trial court "shall consider" factors which presumably have no relevancy to and were not addressed in the guilt-innocence phase of the trial itself. Code Ann. § 27-3010. Under the holding in *Cannon,* supra, a sentence imposing restitution in the absence of such a hearing wherein such factors as are enumerated in Code Ann. § 27-3010 are considered by the trial court cannot stand. Accordingly, we must reverse that portion of appellant's sentence which imposes restitution as a condition of suspension and remand the case to the trial court with direction that a hearing on the issue of restitution be held at which Code Ann. § 27-3009 and the factors in Code Ann. § 27-3010 are to be considered and we further direct that the written finding required by Code § 27-3008 be made.

*Judgment of conviction affirmed. Sentence reversed with direction. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 12, 1982 —
REHEARING DENIED JANUARY 27, 1982 —

*Charles D. Read, Jr.,* for appellant.
*Robert Keller, District Attorney,* for appellee.
*Arthur K. Bolton, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, Don A. Langham, First Assistant Attorney General, John C. Walden, Senior Assistant Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* amicus curiae.