## 64862. FORD v. THE STATE.

CARLEY, Judge.

Appellant was indicted, tried and convicted of the offense of escape, in violation of Code Ann. § 26-2501. He appeals from the conviction and sentence.

1. Appellant asserts as error the denial of his motion for continuance. "A motion for a continuance predicated on the basis that counsel has not had sufficient time to prepare for trial addresses itself to the sound discretion of the trial judge, and a ruling denying such a motion will not be interfered with unless the judge has abused his discretion in denying the motion. [Cit.]" *Cantrell v. State,* 154 Ga. App. 725 (270 SE2d 12) (1980). Appellant argues that more time was needed by his counsel to obtain medical records which would substantiate appellant's treatment for alcoholism and support his sole defense of intoxication. However, alcoholism is not involuntary intoxication and, consequently, is not a defense to the offense of escape or any other criminal act or omission. *Grimes v. Burch,* 223 Ga. 856 (159 SE2d 69) (1968); Code Ann. § 26-704. No showing having been made as to how additional time would have benefited appellant or how lack of more time harmed him, we find no abuse of discretion in the denial of the motion for continuance. *Davis v. State,* 240 Ga. 763 (1) (243 SE2d 12) (1978).

2. Appellant contends the trial court erred by not giving a complete charge on the presumption of innocence. Although the exact words, "this presumption of innocence in his favor . . . remains with him, in the nature of evidence," were not used, the charge in the instant case "was *substantially* to that effect." *Locklear v. State,* 131 Ga. App. 536 (7) (206 SE2d 527) (1974). The charge on this principle was otherwise a correct statement of the law. This enumeration is without merit. See generally *Ealey v. State,* 141 Ga. App. 94 (232 SE2d 620) (1977).

3. Appellant enumerates as error the trial court's failure to

appoint effective counsel to represent him. Appellant has the right to effective assistance of counsel, but not the right to the assistance of counsel satisfactory to him. *Bailey v. State,* 240 Ga. 112, 114 (239 SE2d 521) (1977). Effective counsel is counsel reasonably likely to render and who does render reasonably effective assistance. *Jones v. State,* 243 Ga. 820, 830 (256 SE2d 907) (1979). Counsel for appellant was very familiar with the facts of the case, made several pre-trial motions, thoroughly cross-examined prosecution witnesses, requested jury charges, presented appellant's sole defense, and made a closing argument. After a careful review of the record we find that appellant was not denied effective assistance of counsel. *Jones v. State,* 243 Ga. 820, 831, supra.

4. Appellant contends that the trial court's charge on intent impermissibly shifted the burden on that issue from the state to appellant. The charge in question is almost exactly the same as that approved as against a burden-shifting objection in *Davis v. State,* 249 Ga. 309, 312 (290 SE2d 273) (1982). We find this enumeration to be without merit.

5. Appellant's final enumeration asserts that the trial court incorrectly charged the jury on the defense of intoxication. The charge was supported by the evidence and was a correct statement of the law. *Gilreath v. State,* 247 Ga. 814, 831 (279 SE2d 650) (1981); Code Ann. § 26-704.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED DECEMBER 3, 1982.

J. L. Ford, *pro se.*

Arthur E. Mallory III, *District Attorney,* James M. Garcia, *Assistant District Attorney,* for appellee.