## 65796. HAY v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of two counts of burglary. On appeal he contends the trial court erred by denying his motion for a continuance.

On May 8, 1981 appellant entered a negotiated plea of guilty to two counts of burglary. Because the trial court would not accept the state's recommendation as to sentence appellant was allowed to withdraw his plea and trial was scheduled for May 11, 1981. After the jurors were qualified, selected and impanelled, appellant's counsel moved for a continuance on the ground that he did not know until the morning of trial that appellant's plea of guilty had been withdrawn and the case scheduled for trial. Appellant's counsel had been out of town on May 8, 1981 with the court's permission, and an associate represented appellant at what was originally scheduled to be a sentence hearing after appellant's guilty plea. Therefore, appellant moved for a continuance, stating that counsel had not had time to prepare proper voir dire questions and requests to charge. Appellant

contends the denial of his motion for continuance was error.

"The grant or denial of a continuance is within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion." *Wilson v. State,* 158 Ga. App. 174 (1) (279 SE2d 345) (1981). We note initially that appellant did not move for a continuance until *after* the voir dire examination was completed and the jury was impanelled. Further, the trial judge questioned appellant's counsel as to what different questions would have been asked on voir dire if such questions had been prepared in advance. Appellant's counsel answered that any questions prepared in advance would be similar to those asked by him on voir dire, and acknowledged that he could think of no different questions he might have asked had he prepared questions in advance. Additionally, the trial judge informed appellant's counsel in regard to requests to charge that counsel would be given all the time needed to prepare such requests. Under such circumstances, we find no abuse of discretion in denying appellant's motion for a continuance.

In the argument on the motion appellant's counsel also stated that he had not expected the case to be tried because appellant had stated continually that he was going to plead guilty and his counsel proceeded on that assumption. The same argument was made in *Wilson,* supra, and we stated that "it is more important to note that defendants have failed to demonstrate how additional time would have benefited them or how the lack of time harmed them." Id., at 175 (1). The same observation is pertinent here, and for that reason we find no error in denying appellant's motion for a continuance.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED MAY 11, 1983.

*Ernest D. Blount,* for appellant.

*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney,* for appellee.