73960. MURPHY v. THE STATE.
(357 SE2d 147)

CARLEY, Judge.

Appellant was indicted for one count of theft by taking. A jury found her guilty. Appellant appeals from the judgment of conviction and sentence entered on the jury's verdict.

1. Appellant enumerates as error the admission into evidence of an "accounts payable" ledger under the business records exception to the hearsay rule. OCGA § 24-3-14.

A witness for the State gave testimony which was sufficient to lay the foundation for admission of the ledger pursuant to OCGA § 24-3-14. See *Hines v. Good Housekeeping Shop*, 161 Ga. App. 318, 319 (5) (291 SE2d 238) (1982). " ' "It is not necessary that a witness identifying business records under [OCGA § 24-3-14] have personal knowledge of the correctness of the records or have actually made the entries himself." [Cit.]' [Cit.]" *Hines v. Good Housekeeping Shop*, supra at 319 (5). Any alleged inaccuracies in the ledger would go to weight and not to admissibility. See *Don Howard's Music Mart v. Southern Bell Tel. &c. Co.*, 154 Ga. App. 648 (269 SE2d 506) (1980). There was no error.

2. Appellant enumerates the general grounds. A review of the record, in the light most favorable to the jury's verdict, reveals sufficient evidence from which any rational trior of fact could have found appellant guilty, beyond a reasonable doubt, of the crime of theft by taking. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. The trial court's denial of appellant's motion for mistrial is enumerated as error. Appellant's motion was not made until after the close of all the evidence. " 'Where a motion for a mistrial is not made until the conclusion of the evidence, it ". . . (is) not timely and will be considered as having been waived because of the delay in making the motion." ' [Cits.] Hence there was no error." *Garner v. State*, 174 Ga. App. 628, 629 (2) (330 SE2d 750) (1985).

4. Appellant enumerates as error the trial court's supplemental jury instructions. The indictment charged appellant with the theft of

more than $15,000. Shortly after beginning their deliberations, the jurors returned to ask the trial court the following question: "When we reach the decision, is that for [the] whole amount [charged] in the [indictment]? We can't convict her for part of that amount, or if we think that she took part of it?" In response to this inquiry, the trial court instructed the jury with regard to the distinction between the misdemeanor and the felony grade of theft. See OCGA § 16-8-12. The jury foreman then stated to the trial court that the jury was having some difficulty distinguishing between the felony and misdemeanor grades of theft by taking. The trial court then reinstructed the jury on the distinction outlined in OCGA § 16-8-12 and that "the same elements are required in either a felony or a misdemeanor. It all depends on the amount. All right. Anything below $500 is a misdemeanor. Anything above $500 is a felony. That's all." Appellant urges on appeal that, "[i]n the face of expressed doubts by the jury, the trial court failed to give the jury correct and meaningful instructions to assist the jury in reaching a correct and legal verdict."

The trial court's instruction was not erroneous. Taken in context, the jury's question was as to what effect, if any, the value of the allegedly stolen property would have on its verdict. The trial court's instruction was directly responsive to the jury's question. The jury was, in effect, properly instructed that the value of the allegedly stolen property was not an element of the offense of theft by taking but related only to the punishment that would be imposed upon the thief. *Ayers v. State*, 164 Ga. App. 195, 196 (2) (296 SE2d 772) (1982); *Stancell v. State*, 146 Ga. App. 773 (2) (247 SE2d 587) (1978). Appellant made no request to charge on misdemeanor theft by taking as a possible verdict in this case and it would appear that the evidence would not have authorized such a charge if requested. See *Richardson v. State*, 144 Ga. App. 416, 417 (2, 3) (240 SE2d 917) (1977). There was no error.

5. Appellant enumerates as error that portion of the sentence which conditions her probation upon the restitution of the full amount she was charged in the indictment as having stolen.

In 1980, comprehensive legislation was enacted which declared it "to be the policy of this state that restitution to their victims by those found guilty of crimes is a primary concern of the criminal justice system." OCGA § 17-14-1. Pursuant to this policy, "[t]he judge of any court of competent jurisdiction may order that an adult offender make restitution as a condition of any relief ordered by the court." OCGA § 17-14-3. The statute encompasses a trial court's imposition of restitution as a condition of an offender's probated sentence. See OCGA § 17-14-2 (4), (6); *Cannon v. State*, 246 Ga. 754 (272 SE2d 709) (1980). However, the imposition of restitution as a condition of appellant's probated sentence in this case "cannot stand" for the rea-

sons enunicated in *Patterson v. State*, 161 Ga. App. 85, 86 (5) (289 SE2d 270) (1982). "Accordingly, we must reverse that portion of appellant's sentence which imposes restitution as a condition of [probation] and remand the case to the trial court with direction that a hearing on the issue of restitution be held at which [OCGA § 17-14-9] and the factors in [OCGA § 17-14-10] are to be considered and we further direct that the written finding required by [OCGA § 17-14-8] be made." *Patterson v. State*, supra at 86 (5).

*Judgment of conviction affirmed. Sentence reversed with direction. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 4, 1987.

*Frank K. Martin*, for appellant.

*William J. Smith, District Attorney, Bradford R. Pierce, Assistant District Attorney*, for appellee.