### A90A1729. YEARWOOD v. THE STATE.
(401 SE2d 558)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of arson in the first and second degree, aggravated assault, and cruelty to dogs. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. Appellant's enumeration of the general grounds is without merit. When construed most strongly against appellant, the evidence was sufficient to authorize a rational trior of fact reasonably to have found proof of appellant's guilt beyond a reasonable doubt. See generally *Thornton v. State*, 161 Ga. App. 296, 299 (1) (287 SE2d 749) (1982).

2. After a hearing outside the presence of the jury, the trial court determined that an incriminating statement had been freely and voluntarily made by appellant after he had been given proper *Miranda* warnings. This ruling is enumerated as error.

" ' "[F]actual and credibility determinations as to voluntariness of [an incriminating statement] . . . must be accepted by appellate courts unless such determinations are clearly erroneous. (Cit.)" [Cits.]' " *Lindsey v. State*, 196 Ga. App. 67 (1) (395 SE2d 328) (1990). The uncontradicted evidence supports the finding of the trial court in the instant case. Accordingly, appellant's incriminating statement was

properly admitted.

3. The trial court gave correct jury instructions on the presumption of innocence, the State's burden of proof, reasonable doubt, and on the law regarding circumstantial evidence and the exclusion of every reasonable hypothesis save the guilt of the accused. In response to the trial court's inquiry, appellant nevertheless objected, contending that the jury would not understand the distinction between "guilt beyond a reasonable doubt" on the one hand and a "reasonable hypothesis" excluding the guilt of the accused on the other. On appeal, appellant enumerates the trial court's charge as error, urging that it was ambiguous for the reasons asserted below.

The charge, *as given*, stated general legal principles which were correct and otherwise applicable in the instant case. If appellant wished to have the jury *further* instructed so as to *clarify* the interplay between any of these legal principles, he should have made a written request for such additional instructions. No such written request was made and appellant's contention that the charge as given was ambiguous is without merit. "The [purportedly ambiguous instructions] must be read in the context of the whole charge, [cit.], and in the context of the evidence to which [they were] to apply. [Cit.] . . . 'Instructions which, when the jury is given credit for ordinary intelligence, are not confusing and prejudicial, are not reversible error.' [Cit.]" *Smaha v. Moore*, 193 Ga. App. 23, 24 (387 SE2d 13) (1989).

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 10, 1991 —
REHEARING DENIED JANUARY 31, 1991.

*Wilson B. Mitcham, Jr.*, for appellant.
Morris Yearwood, *pro se.*
*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney*, for appellee.