A91A0417. DUTTON v. THE STATE.
(406 SE2d 85)

ANDREWS, Judge.
Dutton appeals his conviction for robbery by the use of force, claiming the evidence was insufficient to show he used force to take the property.

Viewed in a light most favorable to the verdict, the evidence shows Dutton entered a convenience store, walked to where the beer cooler was located, and was informed by the store's cashier that he could not purchase beer since it was Sunday. He took two 12 packs of beer from the cooler, and began to walk down a narrow aisle leading past the check-out counter to the exit. The cashier moved from behind the counter into the aisle, confronted Dutton inside the store, and asked him to put the beer back. Dutton knocked the cashier aside, and ran out of the store with the beer.

Under OCGA § 16-8-40 (a) (1), the force used to commit robbery must be employed contemporaneously with obtaining possession of the property. *Cantrell v. State*, 184 Ga. App. 384, 385 (361 SE2d 689) (1987); *Byrd v. State*, 171 Ga. App. 344 (319 SE2d 460) (1984). If taking possession of the property was completed without using force, and force was subsequently employed only in an effort to escape, this is insufficient to sustain a conviction for robbery by the use of force. See *Hicks v. State*, 232 Ga. 393, 403 (207 SE2d 30) (1974).

Dutton claims he took possession of the beer when he took it from the cooler without using force, and that knocking the cashier aside was part of his subsequent escape. We disagree; there was evidence that the beer was taken by force. Regardless of the fact that Dutton took physical custody of the beer without using force, he did not divest the store of legal possession until, by using physical force against the cashier, he compelled her to relinquish possession of the beer to him. *Cantrell*, supra at 385; *Grant v. State*, 125 Ga. 259, 260-261 (54 SE 191) (1906); *Rivers v. State*, 46 Ga. App. 778 (169 SE 260) (1933).

The evidence was sufficient to enable a rational trier of fact to find the defendant guilty of robbery by force beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Sognier, P. J., and McMurray, P. J., concur.*

DECIDED APRIL 29, 1991 —
REHEARING DENIED MAY 23, 1991 — 

*Michael M. White*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.