### A94A1041. BROWN v. THE STATE.
#### (449 SE2d 136)

McMURRAY, Presiding Judge.

Defendant was charged via indictment with robbery by force in that, "with intent to commit theft, [he] did take property of another, to-wit: cash money, less than $500.00, the property of Lauri Ferry, from the immediate presence of Lauri Ferry by use of force." The evidence adduced at a jury trial shows the following: The victim, Ms. Ferry, works for the Atlanta Journal & Constitution. At 2:30 a.m. on November 9, 1991, she was changing newspapers at a coin-operated dispenser when she was approached by a man she identified as defendant. Defendant asked the victim " 'Have you got any change, man?' " The victim hurried to her van but "before [she] could get the door shut, [defendant] had the door yanked open; and he was over on top of [her]." They struggled and defendant "reached up, and he grabbed [the victim's] face trying to put his hand over [her] mouth . . . [as she was] struggling and screaming and hollering." When the victim tried to blow the van's horn, defendant "tried to put his hands around [her] neck, and he started trying to squeeze [her]." Defendant told the victim "he was going to cut [her] f——— throat if [she] didn't shut up." The victim "thought he had a knife," and knocked a shiny object from defendant's hand. After defendant rummaged through the victim's empty leather bag, he "reached over and started feeling again. [The victim was] fighting and screaming." Defendant then grabbed a canvas money bag containing $236 in rolled coins from behind the driver's seat and fled. Police recovered from the victim's van a large set of nail clippers with a blade extension on it. As a result of the scuffle, the victim sustained scratches on her face.

The jury found defendant guilty. His motion for new trial was denied and this appeal followed. *Held:*

1. In his first and sixth enumerations of error defendant challenges the sufficiency of the evidence. Specifically, he argues that the uncontradicted evidence shows that no force was used to effectuate the taking of the canvas coin bag. He also argues that there was no evidence of an intent to steal.

" 'Force implies actual personal violence, a struggle and a personal outrage. If there is any injury done to the person, or if there is any struggle by the party to keep possession of the property before it

is taken from him, there will be sufficient force or actual violence to constitute robbery. . . .' *Long v. State*, 12 Ga. 293." *Henderson v. State*, 209 Ga. 72, 73 (1), 74 (70 SE2d 713). In the case sub judice, there is evidence of just such "actual personal violence, a struggle and a personal outrage" committed upon the person of the victim which preceded defendant's non-consensual taking of the canvas bag containing $236 in rolls of coins. " ' "(T)he presence of valuables inside the premises can support an inference of intent to steal (cit.), particularly when no other motive is apparent. (Cit.)" ' *Green v. State*, 158 Ga. App. 321 (1) (279 SE2d 763) (1981)." *Miller v. State*, 208 Ga. App. 547 (1) (430 SE2d 873). The evidence is sufficient to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of robbery by force as alleged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Dutton v. State*, 199 Ga. App. 750 (406 SE2d 85). Compare *Hicks v. State*, 232 Ga. 393, 402-403 (207 SE2d 30). In *Hicks*, the Supreme Court of Georgia reversed a conviction on a count for armed robbery where the only taking was accomplished while the victim was asleep and the only violence displayed was subsequent to that taking. Compare also *Smith v. State*, 193 Ga. App. 208 (1) (387 SE2d 419). The trial court did not err in denying defendant's motion for new trial on the general grounds.

2. In his second enumeration, defendant contends the "trial court erred in requiring [him] to proceed in the presentation and [argument] of his Motion For New Trial with less than twenty-four hours to review the trial transcript of proceedings." Relying on *Lowrance v. State*, 183 Ga. App. 421 (1) (359 SE2d 196), he argues that this "was violative of his due process rights. . . ."

The record reveals that defendant's motion for new trial as originally filed enumerated only the general grounds. The trial court continued the hearing date on this motion indefinitely because the transcript was not prepared and protected defendant's right to "amend and perfect his motion. . . ." At the hearing on the motion for new trial, defendant was represented by the same attorney who tried the case three-and-one-half months earlier. Counsel had received the transcript of some 200 pages only the day before and objected to proceeding with the hearing due to "insufficient time to have properly reviewed the transcript and prepare citations and arguments on the motion for new trial." The following then transpired: "[DEFENSE COUNSEL]: The defendant — our objection is this, your Honor. I have gone through the transcript, hastily. Less than twenty-four hours to prepare and I have some argument to offer the Court, if the Court insists that we proceed. [THE COURT]: We will proceed in this manner. I will allow you to argue today on points the State [has] raised. You may amend your motion in the next weeks time and then necessity, if you feel the necessity for alleging other grounds that have

not been alleged, you may do so within that weeks time period by amended motion and I will not rule on the matter until next Tuesday." After further discussion, the trial court summarized: "[THE COURT]: Well, I think that would be a better way to proceed and let you argue today and not make a ruling on it until next Tuesday and will give you the opportunity to review the transcript at your leisure to come up with any other grounds if you chose to do so." Defense counsel replied: "All right," and proceeded to argue such points as he had prepared. The record contains no amendment to the motion to raise additional grounds.

"In all cases, the party making an application for a continuance must show that he has used due diligence." OCGA § 17-8-20. " 'The grant or denial of a continuance is within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion.' *Wilson v. State*, 158 Ga. App. 174 (1) (279 SE2d 345)." *Hay v. State*, 166 Ga. App. 591, 592 (305 SE2d 35). In the case sub judice, the trial court gave defendant a week to review the transcript and amend his motion to present additional grounds. This ruling is the grant of substantially all the relief defendant requested. See *Staples v. State*, 209 Ga. App. 802, 804 (4) (434 SE2d 757). Moreover, no additional grounds have been proffered, either in the trial court or on appeal. "In *Ford v. State*, 164 Ga. App. 620 (298 SE2d 327) . . . this court noted: 'No showing having been made as to how additional time would have benefited [defendant] or how lack of more time harmed him, we find no abuse of discretion [in the ruling of the trial court directing defendant to proceed with such argument as he had prepared while leaving the record open for additional grounds once counsel had a chance to review the transcript in depth].' " *Donnelly v. State*, 166 Ga. App. 694 (306 SE2d 15). Nor do we find any due process violation. *Staples v. State*, 209 Ga. App. 802, 804 (4), supra. Defendant's reliance on *Lowrance v. State*, 183 Ga. App. 421 (1), supra, is misplaced for that case is not binding precedent but is physical precedent only. Georgia Court of Appeals Rule 35 (b). This enumeration is without merit.

3. Next, defendant contends the trial court erred in admitting two prior convictions in aggravation of punishment. These convictions are based upon guilty pleas. Defendant argues that the plea forms indicate defendant is illiterate and that one guilty plea was entered into without the assistance of counsel while the other plea is improperly executed.

Defendant stipulated that the State gave proper notice of its intent to introduce five prior misdemeanor convictions. Contrary to defendant's assertion, however, the record reflects that, out of an "abundance of caution since [defendant] cannot read and write and since he was not represented by counsel, [the trial court did] not admit or take

into consideration State's Exhibit No. 9," which was a guilty plea to misdemeanor simple battery. This ground of the enumeration is without merit.

The other conviction objected to is a guilty plea to an accusation of criminal trespass. Defendant contends this plea was erroneously admitted because it was improperly executed. In this regard, defendant shows that he entered a guilty plea by signing below rather than above the line labelled "Defendant" on the jacket of the accusation. However, the body of the accusation recites that the disposition was a "NEGOTIATED PLEA BETWEEN STATE AND DEFENSE COUNSEL WITH COURT APPROVING SAME." A separate form captioned "PLEA OF GUILTY: ACKNOWLEDGMENT AND WAIVER OF RIGHTS" is signed by defendant and indicates that his guilty plea was knowingly and voluntarily entered into in open court, upon the advice and assistance of counsel. We agree with the trial court that the misplacement of defendant's signature on the accusation is a mere clerical irregularity which affected no substantial right of defendant. Accordingly, the trial court did not err in admitting and considering this plea in aggravation of sentence. See, e.g., *Smith v. State*, 193 Ga. App. 208, 211 (6), supra.

4. In his fourth enumeration, defendant contends the trial court erred in refusing to give seven requests to charge "and in failing to adequately charge the jury as to the use of force and intent to steal. . . ."

"The failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principles, is no longer a ground for new trial. *Jackson v. State*, 225 Ga. 553, 561 (170 SE2d 281); *Hardwick v. Price*, 114 Ga. App. 817, 821 (152 SE2d 905)." *Young v. State*, 226 Ga. 553, 556 (5) (176 SE2d 52). In the case sub judice, the trial court's charge covered the substance of every written request defendant complains of on appeal. Specifically, the charge as given addressed the State's unalterable burden of proof; the definition of a reasonable doubt; that the indictment is not evidence; the tests employed in everyday life in judging the credibility of the witnesses; the definition of a crime, including the rule that an accused will not be presumed to act with criminal intent; that the accused is not required to prove his innocence; and an instruction on alibi which is defendant's request nearly verbatim. Since the charge as given included full and correct statements of all the principles in defendant's written requests, the trial court did not err in using the pattern charges (see Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II, 2d ed.) in preference to the language requested. See *Wright v. State*, 211 Ga. App. 474, 477 (4) (440 SE2d 27). Defendant's additional contention that the trial court erred by failing to charge that force must be employed contemporaneously

with the taking is without merit. The trial court charged the language of OCGA § 16-8-40 (a) (1). If defendant wished to have additional instructions so as to clarify the interplay among applicable legal principles, he should have made a timely, written request for such additional instructions. "No such written request was made and [defendant's] contention that the charge as given was [inadequate] is without merit." *Yearwood v. State,* 198 Ga. App. 389, 390 (3) (401 SE2d 558).

5. Defendant contends, in his fifth enumeration, the trial court erred in denying him a full and separate restitution hearing.

"[A] sentence imposing restitution in the absence of such a hearing wherein such factors as are enumerated in Code Ann. § 27-3010 [now OCGA § 17-14-10] are considered by the trial court cannot stand." *Patterson v. State,* 161 Ga. App. 85, 86 (5) (289 SE2d 270). In the case sub judice, the trial court imposed at sentencing restitution in the amount of the $236 taken from the victim. However, there is nothing in the record to indicate the trial court's consideration of the factors enumerated in OCGA § 17-14-10. "Accordingly, we must reverse that portion of appellant's sentence which imposes restitution as a condition of [probation] and remand the case to the trial court with direction that a hearing on the issue of restitution be held at which Code Ann. § 27-3009 [now OCGA § 17-14-9] and the factors in Code Ann. § 27-3010 [now OCGA § 17-14-10] are to be considered and we further direct that the written finding required by Code Ann. § 27-3008 [now OCGA § 17-14-8] be made." *Patterson v. State,* 161 Ga. App. 85, 86 (5), supra. Accord *Murphy v. State,* 182 Ga. App. 791, 792 (5), 793 (357 SE2d 147).

*Judgment as to conviction affirmed. Judgment as to sentence affirmed in part and reversed in part and case remanded with direction. Smith, J., concurs. Pope, C. J., concurs specially.*

POPE, Chief Judge, concurring specially.

I fully concur with the majority opinion. With respect to the restitution issues discussed in Division 5, I write separately only to point out that while the amount of the victim's damages was clearly established at trial, "[i]t is not sufficient for the trial judge to consider only the amount of the victim's damages. [Cit.] Pursuant to OCGA § 17-14-10, the court must also consider other factors, including '(1) The present financial condition of the offender and his dependents; (and) (2) The probable future earning capacity of the offender and his dependents. . . .' " *Slater v. State,* 209 Ga. App. 723, 725 (4) (434 SE2d 547) (1993). In the absence of the required hearing, the trial court was unable to consider these other factors. Thus, this case must be remanded as held by the majority.

738

Decided October 4, 1994.

*John P. Howell,* for appellant.
*Alan A. Cook, District Attorney, Jeff B. Blandford, Anne M. Templeton, Assistant District Attorneys,* for appellee.