## S03G1056. TAYLOR v. THE STATE.
### (596 SE2d 138)

THOMPSON, Justice.

Thomas Taylor was convicted of theft by taking and his conviction was affirmed in an unreported opinion of the Court of Appeals. *Taylor v. State*, 259 Ga. App. XXVIII (2003) (not to be officially reported). In rendering its decision, the Court of Appeals refused to consider an enumeration of error relating to the admissibility of certain photographs, finding that Taylor failed to preserve the issue for appellate review. Id. at (2). On review by certiorari, we cannot ascertain how the court reached that conclusion. Taylor's brief contained a lengthy quotation and accurate citation to the trial transcript, showing when and on what grounds the evidentiary objection was lodged. See Court of Appeals Rule 27 (c) (2) (enumeration of error not supported *in the brief* by citation of authority or argument may be deemed abandoned).

Our appellate courts are required to construe the Appellate Procedure Act, OCGA § 5-6-30 et seq., "liberally so that points raised in an appeal are considered and that we carefully examine the appellate record to understand better the trial court errors an appealing party is holding up to appellate scrutiny." *Felix v. State*, 271 Ga. 534, 538 (523 SE2d 1) (1999). See also OCGA § 5-6-30 (APA shall be liberally construed to avoid refusal to consider any points raised). The Court of Appeals in this case failed to give due consideration to the briefs of the parties and the transcript of evidence, and therefore failed to discharge its obligation to review an issue which was properly before it.

The Supreme Court has jurisdiction to review any decision of the Court of Appeals by certiorari so long as the criteria of the writ are satisfied. See *State v. Tyson*, 273 Ga. 690 (544 SE2d 444) (2001). The absence of a reported opinion does not prevent further review. Thus, under the circumstances, the judgment of the Court of Appeals is vacated and the case is remanded for consideration of the merits of Taylor's evidentiary claim.

*Judgment vacated and case remanded with direction. All the Justices concur, except Fletcher, C. J., who concurs in judgment only.*

DECIDED APRIL 27, 2004.

*Gary P. Bunch*, for appellant.

*Peter J. Skandalakis, District Attorney, Anne C. Allen, Matthew A. Rankin, John M. Daley, Assistant District Attorneys*, for appellee.