## A03A0465. TAYLOR v. THE STATE.
### (603 SE2d 504)

ELLINGTON, Judge.

In *Taylor v. State*, 277 Ga. 764 (596 SE2d 138) (2004), the Supreme Court of Georgia vacated our unreported decision in *Taylor v. State*, 259 Ga. App. XXVIII (2003). In Division 2 of our previous opinion, we concluded that Taylor failed to support his legal argument with proper citation to the record. Disapproving of that analysis, the Supreme Court concluded that we erred in finding "that Taylor failed to preserve the [evidentiary] issue for appellate review" and remanded with direction that we consider the merits of Taylor's evidentiary claim "relating to the admissibility of certain photographs." 277 Ga. at 764. Following the Supreme Court's direction, we reissue our previous decision with a revised Division 2. The remainder of our opinion is unchanged.

A Carroll County jury found Thomas Taylor guilty of theft by taking, OCGA § 16-8-2. Taylor appeals from the order denying his motion for new trial, contending the prosecutor made prejudicial

statements in closing argument, that the trial court erred in admitting certain photographs, and that the trial court erred in imposing sentence without a restitution hearing. Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record reveals the following facts. On October 30, 1998, Taylor and Chris Phillips took $100,000 from bank employee Gina Downs as she was transporting those funds between bank branches. Downs was Phillips' girlfriend. Taylor and Phillips knew that Downs regularly transported large amounts of cash for the bank. Taylor and Phillips joked about taking the money on several occasions. On October 30, they borrowed a white car and intercepted Downs' van shortly after she picked up the funds from a drive-through teller window. Phillips stopped his car in front of Downs while Taylor got out of the car and took the money from her. Both Phillips and Downs testified against Taylor. Downs testified that Taylor took the money from her van. Phillips testified that he and Taylor planned the theft. Also, a witness saw two men matching Taylor's and Phillips' description running through the neighborhood shortly after the theft, trying to conceal a package. Phillips' fingerprint was found on an item in the white car. Phillips bought a used car with the proceeds of the theft. Taylor and Phillips took a vacation with the money they stole, freely spending with $100 bills.

1. Taylor contends the prosecutor made several false or inappropriate remarks during closing argument. However, he does not support this enumeration with citation to the record. "The burden is on the party alleging error to show it affirmatively by the record, and when he does not do so, the judgment is assumed to be correct and must be affirmed." (Citation and punctuation omitted.) *Hayes v. State*, 236 Ga. App. 617, 618 (1) (512 SE2d 294) (1999). In this case, the closing argument was not transcribed, and Taylor did not supplement the record with a stipulation pursuant to OCGA § 5-6-41 (g). Consequently, this enumeration of error is deemed abandoned. *Ledesma v. State*, 251 Ga. 487, 490 (8) (306 SE2d 629) (1983).

2. Taylor contends the trial court erred in admitting certain photographs of himself because the State failed to provide them in discovery and because the photographs were "undated." The photographs depict Taylor with a distinctive mustache. They were offered to rebut Taylor's claims of misidentification and to support witness testimony that Taylor shaved his mustache on the day of the robbery to change his appearance.

The photographs about which Taylor complains were given to the prosecutor during the trial by the defendant's alibi witness. Until

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

then, the State did not have possession, custody, or control of the photographs. In fact, the prosecutor informed the court that he did not think to ask the witness for photographs of the defendant until the day before she testified. As soon as the prosecutor learned of the existence of the photographs, he notified the defense. When the State sought to introduce the photographs, Taylor argued they should be excluded based on a lack of notice; however, he did not request a continuance.

The trial court concluded that the photographs were newly discovered, relevant evidence, that the State in good faith notified the defense of that evidence as soon as it was discovered, and that Taylor could not claim he was surprised by photos of himself provided by his own alibi witness. Under these circumstances, the trial court did not err in admitting the photographs. OCGA § 17-16-4 (a) (3); see *Potter v. State*, 272 Ga. 430, 432 (2) (530 SE2d 725) (2000) ("Given that the victim's relatives gave the photographs to the state [during trial] . . . and the state immediately notified the defendant about the photographs, the prosecution did not violate the criminal discovery statute by failing to give prior notice of the photographs.") (footnote omitted); see *Romero v. State*, 247 Ga. App. 724, 725 (545 SE2d 103) (2001) (before the harsh sanction of excluding evidence will be imposed by the trial court, the defendant must show both that he was prejudiced and that the state acted in bad faith).

Further, we have found no case law that requires photographs to bear a time-stamp to be admissible. The photographs were introduced into evidence and properly authenticated by Taylor's wife. She testified that the photographs truly and accurately depicted Taylor's appearance on the date of the crime. It is well settled that "[t]he quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter to be left within the discretion of the trial court." (Citation and punctuation omitted.) *Williams v. State*, 174 Ga. App. 56, 57 (2) (329 SE2d 226) (1985). We find no abuse of that discretion.

3. Taylor contends the trial court erred in failing to hold a restitution hearing prior to sentencing, citing OCGA § 17-14-10. However, that Code section only requires that a court hold a hearing and make certain factual findings *prior to ordering restitution.* See id.; *Brown v. State*, 214 Ga. App. 733, 737 (5) (449 SE2d 136) (1994); *Patterson v. State*, 161 Ga. App. 85, 86 (5) (289 SE2d 270) (1982). Taylor fails to cite to, nor have we found, any evidence in the record that the court ordered him to pay restitution. His final disposition order provides for jail time only. The transcript at sentencing indicates only that the issue of restitution would be taken up at a later date and at a separate hearing. We find no error.

*Judgment affirmed. Blackburn, P. J., and Phipps, J., concur.*

DECIDED AUGUST 11, 2004.

*Gary P. Bunch*, for appellant.
*Peter J. Skandalakis, District Attorney, Anne C. Allen, Matthew A. Rankin, Assistant District Attorneys*, for appellee.