**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J, and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 18, 2015**

# In the Court of Appeals of Georgia

A15A1256. PAGE v. THE STATE.                                    DO-046 C

DOYLE, Chief Judge.

Charles Monroe Page appeals his conviction for armed robbery,[1] arguing that the evidence was insufficient to support the conviction because the act of taking was completed prior to the homeowner's entry into the room, and any use of force occurred after the taking of the homeowner's property was complete. For the reasons that follow, we reverse.[2]

---

[1] OCGA § 16-8-41 (a).

[2] Page also was convicted of aggravated assault, theft by taking with a firearm, three counts of theft by taking, and three counts of burglary, but he does not enumerate any error related to those counts. This appeal does not review the portion of the judgment related to those counts.

Viewed in the light most favorable to the verdict,[3] the evidence at trial showed that around mid-day on December 24, 2011, Johnny Ray Mangum was in the basement of his home when he heard someone run upstairs toward the bedrooms. Mangum expected his adult daughter to return home that day, so he was not surprised at the sound and went upstairs to meet her.

Instead of his daughter, Mangrum came upon Page, who was in Mangrum's bedroom, coming out of a closet and walking toward the bathroom. Page was holding Mangrum's wife's jewelry box in one hand and carrying Mangrum's gun in the other hand. Page pointed the gun at Mangrum and told him to get out, at which point Mangrum first fled to another bedroom and then back to the basement and outside. From a neighbor's house, Mangrum called 911, and when police arrived at the scene, Mangrum saw pieces of jewelry scattered in the house along the route Page would have taken from the bedroom to escape via the kitchen.

Based on the foregoing, Page was convicted of multiple crimes, including armed robbery. He now appeals, and relying on the Supreme Court of Georgia's

---

[3] See *Fox v. State*, 289 Ga. 34, 35-36 (1) (a) (709 SE2d 202) (2011) (applying the standard of review announced in *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979), that evidence will be viewed in the light most favorable to the verdict and any issues of witness credibility or inconsistency of evidence are for the factfinder to resolve).

opinions in *Fox*,[4] and *Hicks v. State*,[5] Page contends that his taking of the property was complete prior to his coming into the immediate presence of Mangum.

Page was charged with committing armed robbery of Mangum by taking Mangum's firearm and jewelry box "by use of an offensive weapon . . . a handgun." Thus, as in *Fox*, the State was required to establish "beyond a reasonable doubt that [Page's] use of a handgun occurred 'prior to or contemporaneously with the taking.'"[6]

The State, primarily citing *Cantrell v. State*,[7] *Dutton v. State*,[8] and *Nuckles v. State*,[9] argues that the evidence was sufficient to convict Page for armed robbery because the taking did not occur until Page exercised dominion over the property by threatening Mangum with the gun. Those cases, however, are inapposite. In *Dutton* and *Nuckles* the defendants did not exercise dominion and control over the property at issue until they threatened the store clerks at the time payment would have been

---

[4] 289 Ga. at 36-37 (1) (b).

[5] 232 Ga. 393, 402-403 (207 SE2d 30) (1974).

[6] *Fox*, 289 Ga. at 36 (1) (b).

[7] 184 Ga. App. 384 (361 SE2d 689) (1987).

[8] 199 Ga. App. 750 (406 SE2d 85) (1991).

[9] 137 Ga. App. 200 (223 SE2d 245) (1976).

expected under normal circumstances.[10] In *Cantrell*, the defendant did not exercise dominion and control over the stolen item until he used force because he previously acted as if he simply was borrowing the item.[11]

In this case, as in *Hicks*, Page had exercised control over the items (the gun and the jewelry box) prior to exerting any force against Mangum, who appeared after Page had obtained the items.[12] Moreover, neither our review of the record nor the State's brief reveals evidence in the record to exclude the hypothesis that Page left the scene after confronting Mangum without taking additional property.[13] Accordingly, his conviction for armed robbery is reversed.

*Judgment reversed. Phipps, P. J., and Boggs, J., concur.*

---

[10] See *Dutton*, 199 Ga. App. at 750; *Nuckles*, 137 Ga. App. at 201 (1), 204 (5).

[11] See *Cantrell*, 184 Ga. App. at 385 (1).

[12] See *Hicks*, 232 Ga. at 402-403.

[13] See *Fox*, 289 Ga. at 37 (1) (b) (reversing armed robbery conviction because "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused," and the evidence presented could not exclude the hypothesis that the defendant first robbed the home before killing the victim) (punctuation omitted).