### 31998. JORDAN *v.* THE STATE.

DECIDED SEPTEMBER 25, 1948.

*Harris, Henson & Spence,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, William Hall,* contra.

MacIntyre, P. J. ■ During the testimony of E. M. Smith at the trial, the witness said: "When I first went over to his office, he explained to me that he had a license in two other States and I said, 'Well, the thing for you to do then is make application to the State Board of Dentistry of the State of Georgia and see whether or not they will give you a license to practice,' and he made application and went before the board and the board saw fit not to issue the license."

To this statement the defendant's attorney objected because "the statement that the board saw fit not to issue the license, as the records in the case of the board action would be in writing and would be the highest and best evidence, and we object to the admission of secondary evidence when primary evidence has not

been accounted for." The court ruled: "He could state whether or not he has a Georgia license;" and the witness then stated that of his own knowledge the defendant did not have a license to practice dentistry in Georgia.

"Where certain evidence is admitted over objection, but similar evidence to the same effect is admitted without objection, the admission of the evidence objected to will not constitute reversible error, even if the admission of the evidence was erroneous." *Louisville & Nashville R. Co.* v. *McCamy,* 72 *Ga. App.* 769 (1) (35 S. E. 2d, 206) ; *Payne* v. *State,* 74 *Ga. App.* 646, 656 (40 S. E. 2d, 759) ; *Lewis* v. *State,* 196 *Ga.* 755, 759 (27 S. E. 2d, 659). In the instant case, the direct testimony of Mr. Smith and of Mr. Coleman that the defendant to their own knowledge did not have a license was admitted without objection; and, also, the defendant's statement itself showed that he was practicing dentistry and this without a license. This ground is not meritorious.

■ Code § 84-701 provides: "All persons who shall charge a fee or salary or any other reward, whether paid or unpaid to anyone directly or indirectly, for operations or parts of operations of any kind in the treatment of diseases or lesions of the human teeth, mouth, gums or jaws, or extract teeth or attempt to correct the malposition thereof, or who shall fill or crown a human tooth or teeth, or do any operation whatsoever on the human tooth, or teeth, gums or jaws, or who shall make examination of any human tooth, teeth, gums or jaws, or take an impression thereof for the purpose of treating or operating upon the same or who shall by any means whatsoever make it known, or imply that he will do such operations, shall be held to be practicing dentistry. Proof of any one or all of the acts mentioned in this section shall constitute prima facie evidence of the practice of dentistry." Ga. L. 1920, pp. 132, 136, § 6.

"It shall be a misdemeanor for any person to practice dentistry in this State unless said person shall have obtained a license to so practice from the Board of Dental Examiners duly authorized and appointed under the provisions of Chapter 84-7." Code, § 84-9909 (Ga. L. 1920, pp. 132, 138, 139, §§ 11, 15).

Section 24 of the act of 1920 (Ga. L. 1920, pp. 132, 142) provides: "That it shall be, on the trial of any one charged with the violation of the provisions of this act, or with the illegal practice

of dentistry in said State, incumbent on the defendant upon proof that he practiced dentistry in said State, to show that he had authority under the law to so practice dentistry to exempt himself from the penalty of such violation." This section is codified in the Code of 1933 as § 84-9911.

Section 26 of the act of 1920 (Ga. L. 1920, pp. 132, 142) reads as follows: "No person lawfully authorized to practice dentistry in said State at the time of the passage and adoption of this act shall be required to obtain any license or additional authority to practice dentistry in said State; provided, however, that all persons now lawfully practicing dentistry in this State shall register as a practicing dentist, with the Secretary and Treasurer of said Board, and pay a fee of fifty cents therefor to said Secretary and Treasurer for said service, as provided in this act."

The State here proved that the defendant had practiced dentistry by filling a tooth for a fee on or about June 15, 1946; and that the defendant, neither at this time nor later, was licensed to so practice. The defendant contends that no evidence was introduced to show that he was not practicing dentistry prior to the passage of the act of 1920. When the State made out a case by proving that the defendant practiced dentistry in Georgia without having obtained a license from the Board of Dental Examiners, this proof cast the burden upon the defendant to prove his right to so practice. The law makes the having of a license or other authority to practice dentistry at the time of the passage of the act of 1920 a matter of defense. See, in this connection, *Atlanta Southern Dental College* v. *State*, 51 *Ga. App.* 379 (2), 382 (180 S. E. 620).

The defendant in his statement also relied in his defense upon the contention that he was competent to practice dentistry and should be granted a license by comity to the States in which he did hold a license; and that he had applied for a license but had never taken the examination. The Code makes the granting of licenses by comity permissive only (§ 84-710), and no question is here in issue as to the failure of the board to so issue to the defendant a license. Neither the evidence nor the defendant's statement shows that the board had granted to the defendant a license or that he had other authority to practice dentistry. The defendant did not prove and did not claim in his statement that

he had authority to practice dentistry prior to the passage of the act of 1920, nor did˙ he show that he had since acquired such authority.

We think that the jury were authorized by the evidence to find the defendant guilty as charged in the accusation, and hold that the superior court did not err in overruling the petition for certiorari.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*