36406, 36407. BRAINARD v. THE STATE; and vice versa.

BOWLES, Justice.

On June 9, 1978, Richard Brainard entered a plea of guilty in Thomas County Superior Court to the charge of violation of the Georgia Controlled Substances Act. The trial court fined him and placed him on probation for five years under Georgia's First Offender Act. On May 17, 1979, the trial court revoked Brainard's probation because of his involvement in a Florida "pot plane" incident and sentenced him to a term of ten years' imprisonment. The State of Georgia then brought an action to recover the cost of prosecution under Code Ann. § 27-2801.

*Case Number 36406*

Enumerations of error 1-5 have been disposed of by the Court of Appeals' decision in *Brainard v. State,* 155 Ga. App. 693 (1980).

In enumerations 6 and 7, defendant complains that the fine imposed on him as a first offender was excessive and that court costs should be recovered from that excess. Defendant was apparently satisfied with his sentence at the time it was entered as he did not appeal from it as was his right under Code Ann. § 27-2731. He also readily accepted the benefits of first offender treatment and probation. This being so, he will not be heard to complain at this late date that the fine was excessive.

*Case Number 36407*

The State attempted to satisfy its judgment for court costs out of

the legal fees paid to Brainard's attorneys. After a partial hearing on the matter and submission of briefs, the trial court held Code Ann. § 27-2801 unconstitutional insofar as it applied to attorney fees in a criminal case and denied the State's petition. We affirm for a different reason.

Code Ann. § 27-2801 states: "The costs of a prosecution, except the fees of his own witnesses, shall not be demanded of a defendant until after conviction on final trial. If convicted, judgment may be entered up against him for all costs accruing in the committing or trial courts, and by any officer pending the prosecution. The judgment shall be a lien on all the property of the defendant from the date of his arrest, and the clerk shall issue an execution on the judgment against said property. The court may also direct the defendant to be imprisoned until all costs are paid."

The portion of the statute that we are concerned with in this case is that which states "The judgment shall be a *lien on all the property of the defendant from the date of his arrest,* and the clerk shall issue an execution on the judgment against said property."[1] (Emphasis supplied). Although the actual lien in a criminal case does not come into effect *until* a conviction is obtained, the fact that the lien relates back to the time of arrest means that the defendant's property is burdened with an inchoate lien at least from the date of arrest until his trial is over *whether or not* he is convicted or acquitted. We conclude that this amounts to a deprivation of a defendant's property without due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

The United States Supreme Court has dealt with the issue of prior notice and hearing in several cases. See Sniadach v. Family Finance Corp., 395 U. S. 337 (89 SC 1820, 23 LE2d 349) (1969); Fuentes v. Shevin, 407 U. S. 67 (92 SC 1983, 32 LE2d 556) (1972); Mitchell v. W. T. Grant Co., 416 U. S. 600 (94 SC 1895, 40 LE2d 406) (1973); North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U. S. 601 (95 SC 719, 42 LE2d 751) (1975). The court in Fuentes v. Shevin, supra, held, "[I]t is now well settled that a temporary, nonfinal deprivation of property is nonetheless a 'deprivation' in the terms of the Fourteenth Amendment." 407 U. S. at 84. The lien imposed on a defendant's property by the statute in question is an unnecessary restriction on the use of his property prior to any conviction. Under Fuentes, prior notice and hearing would be required before such a restriction could be placed on a defendant's use of his property.

---

[1]Irrespective of the statutory authority the court under its inherent powers could issue an execution for determined costs.

The scope of Fuentes was limited in Mitchell v. W. T. Grant, supra. In Mitchell the Supreme Court upheld a state statute which provided for an immediate *post*-seizure hearing rather than a pre-seizure notice and hearing. In the case at bar, there is no provision for prior notice or hearing and the only post-arrest hearing now provided for is the trial itself which could be weeks, months, or years from the date of arrest. This is not an immediate post-seizure hearing found permissible in Mitchell.

Because that portion of Code Ann. § 27-2801 which creates a lien that relates back to the date of arrest, violates procedural due process, it is unconstitutional.

*Judgments affirmed. All the Justices concur.*

SUBMITTED JUNE 27, 1980 — DECIDED OCTOBER 29, 1980.

*Gwendolyn Adams O'Dell, A. J. Whitehurst, William H. Blackburn, Ronald A. Cohen,* for Brainard.

*H. Lamar Cole, District Attorney, Richard H. Goolsby, Assistant District Attorney,* for appellee.