75279. SIDWELL v. THE STATE.
(363 SE2d 603)

Banke, Presiding Judge.

The appellant was indicted for selling lysergic acid diethylamide (LSD) in violation of the Controlled Substances Act. He was found guilty of the lesser included offense of possessing the drug. He appeals from the denial of his motion for new trial.

Deputy Thomas Wheat testified that on July 16, 1985, while working as an undercover agent, he made a purchase of LSD from an unidentified source, using the appellant as an intermediary. The appellant admitted his involvement in the transaction and pled entrapment, testifying that he had agreed to procure the drug only in response to repeated entreaties made to him by a girl named Sandy, who had been with Deputy Wheat at the time the sale took place and who was shown to have been assisting the latter in his undercover work. The appellant maintained that he had finally acceded to Sandy's requests in order "[t]o get this person to leave me alone and maybe to have a one-night relationship with this girl." *Held*:

1. The appellant complains that the state was allowed to introduce evidence of similar transactions without giving him prior notice of its intention to do so, as required by Rule 31.3 of the Uniform Superior Court Rules.

The state did not in fact introduce evidence establishing any actual participation by the appellant in other drug transactions but did introduce evidence tending to show a pre-existing disposition on his part to participate in such transactions. After the appellant had presented his entrapment defense, Deputy Wheat was allowed to testify in rebuttal that, prior to the transaction charged in the indictment, he had approached the appellant on the street, in the company of another informant, to inquire about getting some LSD and that the appellant had responded by telling them "he had sold all he had, but was getting some more that night, and if we would contact him later on that evening that he would be able to provide it." Deputy Wheat was further allowed to testify that about a month after the transac-

tion charged in the indictment he had approached the appellant again in the company of yet another informant to ask him about procuring LSD and that on this occasion the appellant had stated, "I think I've already f——d up and sold to an undercover agent, and I'm going to lay low right now."

Assuming arguendo that the above testimony constituted "evidence of similar transactions or occurrences" within the contemplation of Rule 31.3 of the Uniform Superior Court Rules, we hold that the state was entitled to introduce such evidence to rebut the appellant's entrapment testimony, without complying with the notice requirements set forth therein. Subsection (D) of Rule 31.3 specifies that "[i]f upon trial of the case the defense places the defendant's character in issue, evidence of similar transactions or occurrences, as shall be admissible according to the rules of evidence, shall be admissible, the above [notice] provisions notwithstanding." Moreover, subsection (E) of Rule 31.3 specifies, in pertinent part, that "[n]othing in this rule is intended to alter the rules of evidence relating to impeachment of witnesses."

The appellant testified on direct examination that when Sandy first approached him about procuring LSD, he told her he "didn't know where to get any dope, and . . . didn't know anything about dope, and . . . didn't mess with it." He further testified on cross-examination, without interposing any objection to the state's questioning in this regard, that he had not had any prior "involvements" with drugs. Indeed, the entire thrust of his entrapment defense was that his participation in the sale for which he was being tried was an isolated occurrence, prompted by the repeated entreaties of Sandy rather than by any prior disposition on his part to sell drugs. Under these circumstances, we conclude that he voluntarily placed his character in issue within the contemplation of subsection (D) of Rule 31.3, supra, with the result that the state was entitled to introduce evidence of similar transactions and occurrences pursuant both to that subsection and to subsection (E), supra, without complying with the notice provisions which would otherwise have governed the use of such evidence.

2. The appellant contends that the trial court committed reversible error by charging the general provisions of OCGA § 16-13-30 (b) (to the effect that it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance except as specifically authorized by the Controlled Substances Act), when the indictment charged him only with selling the controlled substance in question.

"A new trial will not usually be granted if the court charges an entire statute or code provision even though a part may be inapplicable to the case at bar. 'However, it is reversible error to instruct the

jury that an offense may be committed in more than one manner where only one manner is alleged in the indictment and no remedial instructions are given to limit the jury's consideration to that particular manner.' (Cits.)" *Cauthen v. State*, 177 Ga. App. 565, 567 (4) (340 SE2d 199) (1986).

After instructing the jurors on the general provisions of OCGA § 16-13-30 (b), supra, the trial court specifically charged them that the only offenses of which the appellant could be found guilty were selling LSD or, as a lesser included offense, possessing LSD. By its verdict, the jury demonstrated that it had not been misled or confused by the court's prior instructions setting forth other types of conduct prohibited by the Act. Accordingly, no ground for reversal is established by this enumeration of error. See *Searcy v. State*, 168 Ga. App. 233 (1) (308 SE2d 621) (1983).

3. The appellant contends that the trial court erred in charging the jury that the testimony of one of the three rebuttal witnesses called by the state could be considered only for impeachment purposes, without giving similar limiting instructions with respect to the testimony of the other two rebuttal witnesses. The rebuttal witness whose testimony was the subject of the limiting instructions had contradicted certain testimony previously offered by the appellant regarding the content of certain statements the appellant had made to police following his arrest. The testimony of the other two rebuttal witnesses did not concern statements made by the appellant prior to trial but rather conduct on his part which could be viewed as inconsistent with his entrapment testimony. With respect to the testimony of these latter witnesses, the appellant waived any right to limiting instructions which he might otherwise have had by failing to request such instructions in the trial court. See *State v. Byrd*, 255 Ga. 665 (341 SE2d 455) (1986).

4. The evidence, considered in its entirety, was sufficient to enable a rational trier of fact to reject the appellant's entrapment defense and to find him guilty of possession of LSD beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED DECEMBER 1, 1987.

*Harry J. Fox, Jr.*, for appellant.
*G. Theron Finlayson, District Attorney, Edward D. Lukemire, Assistant District Attorney*, for appellee.