## A90A1366. ARDENEAUX v. THE STATE.
(399 SE2d 258)

McMurray, Presiding Judge.

Defendant was charged in four counts with aggravated child molestation, child molestation, aggravated assault and cruelty to children. (The aggravated assault and cruelty to children charges were based on the same incident.) The case was tried before a jury and the evidence showed that defendant physically abused and sexually molested his step-daughter when she was 13 years of age. More specifically, the victim testified, giving details of how defendant committed the acts which constituted the offenses charged. Defendant was found guilty of aggravated child molestation, child molestation and cruelty to children. He was found not guilty of aggravated assault. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. In his first and fifth enumerations, defendant contends the State failed to prove the allegation of cruelty to children as alleged in the indictment. More specifically, defendant argues that his conviction for cruelty to children is inconsistent with his acquittal on the aggravated assault charge since both charges were based on the same incident.

"The inconsistent verdict rule has been abolished in criminal cases and an enumeration predicated upon this abolished rule is without merit. *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216) (1986)." *Fitzgerald v. State*, 193 Ga. App. 76 (1) (386 SE2d 914). In the case sub judice, defendant was charged with cruelty to children in that, "between September 1, 1987 and June 10, 1988, [defendant] did unlawfully and maliciously cause [the victim], a child under the age of eighteen (18) years, cruel and excessive physical and mental pain by cutting, stabbing and slashing the [victim] on and about the leg . . . ." The victim testified that defendant slashed her leg with a knife during an attempt to cut the child's clothing from her body. This evidence was not at odds with the allegation of cruelty to children as alleged in the indictment. On the contrary, it was sufficient to support the jury's finding, beyond a reasonable doubt, that defendant did "unlawfully and maliciously cause [the victim], a child under the age of eighteen (18) years, cruel and excessive physical and mental pain by cutting, stabbing and slashing the [victim] on and about the leg. . . ." See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Fitzgerald v. State*, 193 Ga. App. 76 (2), supra. Defendant's first and fifth enumerations are without merit.

2. Next, defendant contends the State impermissibly placed his character in issue by introducing testimony of the victim's half-brother and half-sister, showing that defendant disciplined the children through beatings, verbal abuse and forced inhuman posture.

"Where certain evidence is admitted over objection, but similar

evidence to the same effect is admitted without objection, the admission of the evidence objected to will not constitute reversible error, even if the admission of the evidence was erroneous." *Jordan v. State*, 77 Ga. App. 700 (1) (49 SE2d 694). In the case sub judice, the victim gave virtually the same testimony regarding defendant's punishment methods and practices as did the victim's half-brother and half-sister. However, the victim's testimony was introduced without objection. Consequently, any error in admitting the victim's half-brother's and half-sister's testimony does not constitute reversible error. *Griffin v. State*, 170 Ga. App. 287, 290 (3), 291 (316 SE2d 797).

3. In his third enumeration, defendant contends the trial court erred "in holding that . . . the charge of child molestation was a lesser-included offense to the charge of aggravated assault." However, defendant failed to identify the specific portion of the trial transcript in which the alleged error occurred as is required by Rule 15 (c) (3) (i) of the Rules of the Court of Appeals of the State of Georgia. Consequently, counsel of record for defendant was ordered to file a supplemental brief, identifying the specific portion of the trial transcript in which the alleged error occurred. In response, counsel for the defendant stated that defendant's third enumeration of error was improperly drafted due to a "scrivener's error" and that the enumeration should provide as follows: "[T]he trial court erred in holding that in this case the charge of *cruelty to children* was a lesser-included offense to the charge of aggravated assault." Defendant's counsel then pointed to the trial court's order denying defendant's motion for new trial wherein the trial court stated, "There is no inconsistency between the verdicts in Counts Three and Four, given that under the facts of this case cruelty to children was a lesser included offense of aggravated assault."

Counsel for defendant argues that "[b]y ruling that the charge of cruelty to children (unlimited by any particular facts) is a lesser-included offense of aggravated assault, the trial court justified the introduction of similar transaction evidence without the necessity of complying with Rule 31.3 of the Uniform Superior Court Rules. Subsection E of that rule allows evidence of lesser-included offenses to be introduced as an exception to the general rule that the prosecution must give notice in advance of trial of its intent to present similar transactions." This argument is without merit for the reasons stated in Division 2 of this opinion.

4. Defendant next contends the trial court erred in allowing evidence regarding his punishment of the victim and the victim's half-brother and half-sister. This enumeration is without merit for the same reasons stated in Division 2 of this opinion.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

642

DECIDED NOVEMBER 19, 1990.

*Valpey & Walker, Gregory W. Valpey,* for appellant.
*C. Andrew Fuller, District Attorney, Lee Darragh, Leonard C. Parks, Jr., Assistant District Attorneys,* for appellee.