A91A1327. AGUILAR v. THE STATE.
(413 SE2d 245)

Judge Arnold Shulman.

The appellant was convicted of rape, aggravated assault, and cruelty to children. He contends on appeal that he was denied a fair trial because of the state's failure to disclose to him prior to trial certain allegedly exculpatory material in the possession of the Clarke County Department of Family & Children's Services (DFACS).

On the day of arraignment, the appellant filed a motion pursuant to *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), for discovery of exculpatory information in the state's file. The trial court thereafter entered an order requiring DFACS to submit all its records pertaining to any sexual or physical abuse of the victim for in camera inspection pursuant to OCGA § 49-5-41 (a) (2) and *Pennsylvania v. Ritchie*, 480 U. S. 39 (107 SC 989, 94 LE2d 40) (1987). (While DFACS records pertaining to child abuse are deemed confidential under OCGA § 49-5-40 (b), OCGA § 49-5-41 (a) (2) provides that a court may order access to such records if, after in camera inspection, it is determined that public disclosure is necessary for the resolution of an issue before the court.) On the first day of the trial, which occurred approximately two years later, the appellant's counsel

renewed her discovery motion. In response, the trial judge stated that he had previously reviewed the DFACS file and had found nothing therein which he considered discoverable under *Pennsylvania v. Ritchie*, supra, but that he would review the material again if the evidence so warranted. Opening statements were thereafter given by both counsel, following which the alleged victim testified as the state's first witness.

On the morning of the second day of trial, the trial judge advised counsel that he had reviewed the DFACS file in light of the previous day's testimony and had determined that disclosure of its contents was warranted. The trial was then recessed to allow counsel an opportunity to review the material. When court reconvened that afternoon, the appellant's counsel moved for a mistrial on the ground that his client's defense had been irreparably harmed by the court's failure to provide the DFACS material in advance of the opening statements and of his cross-examination of the victim. The court denied the motion but offered appellant's counsel the opportunity to make an additional opening statement and to recall the victim for further cross-examination. These offers were, however, declined.

"The ability to question adverse witnesses, . . . does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony. Normally the right to confront one's accusers is satisfied if defense counsel receives wide latitude at trial to question witnesses. [Cit.] In short, the Confrontation Clause only guarantees 'an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.' [citing *Delaware v. Fensterer*, 474 U. S. 15, 20 (106 SC 292, 88 LE2d 15) (1985)]." *Pennsylvania v. Ritchie*, supra, 480 U. S. at 53. "[T]he Confrontation Clause only protects a defendant's trial rights, and does not compel the pretrial production of information that might be useful in preparing for trial." Id. at n. 9. See also *Sosebee v. State*, 190 Ga. App. 746 (3) (380 SE2d 464) (1989). "Moreover, the mandate of *Brady* is not violated when the 'material is (made) available to the defendant during trial, since *Brady* does not require a pre-trial disclosure of the materials. (Cits.)' [Cit.]" *Assad v. State*, 195 Ga. App. 692, 693 (394 SE2d 617) (1990). Based on these authorities, we hold that the trial court did not err in denying the appellant's motion for mistrial.

*Judgment affirmed. Carley, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 25, 1991.

*Theresa M. Clyne*, for appellant.

*Harry N. Gordon*, District Attorney, *Steve C. Jones*, Assistant District Attorney, for appellee.