A91A1158. CARVER v. THE STATE.
(413 SE2d 265)

COOPER, Judge.

In September 1986, appellant was convicted of the crime of making terroristic threats and was sentenced to 30 days in prison plus three years and eleven months on probation. Appellant's conviction arose out of a public demonstration by appellant, a leader of the Ku Klux Klan, and other members of that organization in Gainesville, Georgia, when they were all dressed in Klan robes and Klan insignia. Appellant appealed his conviction, which was affirmed. See *Carver v. State*, 185 Ga. App. 436 (364 SE2d 877) (1987), aff'd, 258 Ga. 385 (369 SE2d 471) (1988). As conditions to his probation, the trial court prohibited appellant from demonstrating in public with the Ku Klux Klan and from wearing Klan robes or Klan insignia. Appellant, who did not raise the conditions of probation in his initial appeal, filed a motion in August 1990 with the trial court to modify the conditions of his probation. As to the prohibitions stated above with respect to participation in Klan activities, the trial court denied appellant's motion.

Appellant appeals that denial, raising as his sole enumeration of error the trial court's lack of authority to prohibit his Klan activities. Appellant contends that the prohibitions violate his freedoms of speech, association and religion and are therefore invalid.

Approximately four years intervened between appellant's conviction and his motion to modify the conditions of his probation. Appellant invoked the appellate process and appealed his conviction in 1987, yet raised no complaint about his probation. In *Brainard v. State*, 246 Ga. 586 (272 SE2d 683) (1980), the defendant was placed on probation for five years and fined after pleading guilty to a drug violation. He appealed the conviction but did not appeal the sentence. One year after the defendant was sentenced, his probation was revoked. On appeal from the state's action to recover prosecution costs, the defendant alleged that the original fine imposed on him was excessive. The Supreme Court refused to consider the defendant's late attack on his sentence and stated: "[d]efendant was apparently satisfied with his sentence at the time it was entered as he did not appeal from it as was his right. . . . This being so, he will not be heard to complain at this late date that the fine was excessive." Id. The trial court relied on *Brainard* and determined that appellant had failed to make a timely request to modify his probation. Likewise, we find that appellant, who failed to include an appeal from his sentence and probation at the time he appealed his conviction, cannot complain about the terms of his probation at this late date. Appellant, having once invoked the appellate process, cannot now seek to raise issues which should have been raised in that appeal. The trial court's decision to deny modification of the terms of appellant's probation was not in error.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 27, 1991.

Daniel B. Carver, Sr., *pro se.*

C. Andrew Fuller, District Attorney, Leonard C. Parks, Jr., Assistant District Attorney, for appellee.

