## A92A1980. KNIGHT v. THE STATE.
(429 SE2d 326)

POPE, Chief Judge.

Defendant Robert Wayne Knight was charged with two counts of child molestation and one count of aggravated child molestation, and convicted on all counts. The victims in this case were defendant's stepdaughter and stepson, who were approximately four and two years of age, respectively, when the crimes occurred. Defendant appeals following the denial of his motion and amended motion for new trial.

1. Defendant contends the trial court erred by allowing Sudie Hoffman, a licensed therapist who testified as an expert witness for the State, to testify concerning whether the child's fear of the defend-

ant appeared genuine, arguing that such testimony impermissibly allowed the witness to give her opinion concerning the child's veracity and credibility. The record shows that the State asked the witness the following question: "[B]ased on your observations of the child's demeanor, that is, what you were able to observe about her physical action, can you testify as to whether or not the fear that she expressed [about a weekend visitation with her mother] . . . appeared genuine." The witness responded in the affirmative, that the fear appeared genuine to her.

We find no error. Here the witness was asked, in essence, if the victim appeared to be afraid based on observable physical criteria. The witness was not asked to express an opinion as to whether she found credible or believable the victim's statements concerning the acts of molestation attributed to the defendant, and at no time during her testimony did she express such an opinion. Cf. *Guest v. State*, 201 Ga. App. 506, 507 (1) (411 SE2d 364) (1991); *State v. Oliver*, 188 Ga. App. 47 (372 SE2d 256) (1988). As we recognized in *State v. Oliver*, it is permissible for the witness to "express an opinion as to whether medical *or other objective* evidence in the case is consistent with the victim's story." (Emphasis supplied.) Id. at 51. "[The State] was not attempting to elicit a direct opinion on the ultimate issue of whether the victim had been molested. [Cits.] . . . [The State] was simply attempting to elicit testimony as to whether the victim had exhibited . . . behavior [or observable physical acts] which [showed she was afraid]. . . . Testimony merely as to whether the victim did or did not exhibit this . . . behavior would not invade the province of the jury, for the question of whether, notwithstanding her behavior, the victim was or was not molested would remain exclusively for jury resolution. The testimony would simply be available for the jury to accept or reject for consideration in its determination of the ultimate issue." *Hall v. State*, 201 Ga. App. 626, 627 (2) (411 SE2d 777) (1991).

Moreover, even if we were to construe the witness' testimony as improper bolstering, we hold that "in the context of the evidence as a whole, it is highly probable that the testimony in question did not contribute to the verdict. See generally *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976)." *Remine v. State*, 203 Ga. App. 30, 31 (2) (416 SE2d 326) (1992). Consequently, this enumeration is without merit.

2. Defendant next contends the trial court erred by allowing Hoffman to testify that the female victim told her that during visits her mother would whisper threats to her concerning what would happen to her if she told anyone it was the defendant who molested her and that to avoid being hurt she should disclose her natural father as the molester. We find no error. Immediately preceding this testimony the witness testified, without objection, that the victim's mother, who the evidence showed was a party to the acts of molestation perpe-

trated upon her young children by their stepfather, held her daughter down and choked her and that "they" burned the victim with a cigarette to prevent her from disclosing the molestation. Moreover, another witness also testified about the whispered threats, and no objection was made to that testimony. " 'Where certain evidence is admitted over objection, but similar evidence to the same effect is admitted without objection, the admission of the evidence objected to will not constitute reversible error, even if the admission of the evidence was erroneous.' [Cit.]" *Ardeneaux v. State*, 197 Ga. App. 640, 641 (2) (399 SE2d 258) (1990). See also *Kelly v. State*, 197 Ga. App. 811 (3) (399 SE2d 568) (1990). This enumeration is without merit.

3. In his third enumeration of error, defendant argues the trial court erred in admitting photographs showing burn marks made on the female victim because the State failed to give notice of its intent to introduce evidence of independent crimes as required by Uniform Superior Court Rules 31.1 and 31.3. We first note that the evidence is somewhat unclear as to whether the victim's mother or the mother and defendant, acting in concert, burned the victim, with the testimony indicating the victim disclosed to one witness that "they" burned her but disclosed on another occasion that her mother burned her with the cigarette. However, assuming the defendant was a party to this criminal act, we find, for the reasons stated below, that the trial court did not err in admitting the photographs of the victim's burns. As discussed in Division 2, testimony concerning the burns was admitted at trial, both before and after the admission of the photographs, without objection. Thus the evidence complained of was merely cumulative of direct unobjected-to testimony about the victim's burns. See *Kelly*, 197 Ga. App. at 814 (3); *Ardeneaux*, 197 Ga. App. at 640 (2). Moreover, the State is not required to provide notice of intent to introduce evidence of independent crimes when the defendant places his character in evidence at trial, such as was done in the case at bar. See *Kelly*, 197 Ga. App. at 815 (7) (a); *Sidwell v. State*, 185 Ga. App. 138 (1) (363 SE2d 603) (1987).

4. Defendant argues "[t]he trial court erred in not providing additional opportunity to develop more evidence" after defendant was provided, during the trial, with a page from the case record of the White County Department of Family & Children Services containing information concerning a referral DFCS had received about molestation of the victim by a party other than the defendant. However, the record shows defendant never requested the trial court to provide him with more time to investigate the report. Moreover, the record also shows defendant was aware prior to trial that an allegation against the person named in the DFCS report had been made, although the defendant may not have been aware of the identity of the person who allegedly made the call to DFCS until the report was provided to him

at trial. Defendant acknowledged at trial that the identity of persons making such referrals is usually confidential. In any event, the person identified in the report as having made the referral was present at trial, and in response to defendant's questioning outside the presence of the jury, denied that she contacted DFCS. The caseworker who investigated the call was also present at trial, but could only remember that she visited the home of the person identified in the report as having molested the child. Because defendant was aware of the allegations prior to trial, and in light of the fact that both the person who allegedly made the report and the caseworker who investigated the report were present at trial and were questioned by the defendant, we fail to see how the outcome of defendant's trial would have been different if he had been given more time to investigate after the report was provided to him at trial.

Lastly, although defendant also argues that the trial court erred in refusing to admit the page of the report into evidence at trial, such issue was not raised by defendant in his enumerations of error to this court. " '[E]numerations [of error] may not be enlarged by brief on appeal to cover issues not contained in the original enumeration. (Cit.)' [Cit.]" *Loyd v. State*, 202 Ga. App. 1, 2 (1) (c) (413 SE2d 222) (1991).

5. We have previously rejected defendant's contention that the refusal of a guardian to allow a defendant access to a minor child for a pre-trial interview interferes with the defendant's right to effective cross-examination of the witness at trial. *Sosebee v. State*, 190 Ga. App. 746 (3) (380 SE2d 464), cert. denied, 493 U. S. 933 (110 SC 323, 107 LE2d 313) (1989); see also *Pennsylvania v. Ritchie*, 480 U. S. 39 (107 SC 989, 94 LE2d 40) (1987); *Aguilar v. State*, 202 Ga. App. 62 (413 SE2d 245) (1991). Likewise, defendant does not have a right to conduct a pre-trial interview with the victim in a child abuse case in order to make an "effective election" as to whether he will request the court to call the child as a witness under the procedure outlined in *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987). Moreover, although defense counsel stated at trial that the reason he was not requesting that the court call the children under *Sosebee* was because he had not been allowed to interview the children prior to trial, he did not suggest that the trial court had erred by failing to remedy this lack of opportunity or otherwise invoke a ruling from the court on this matter. " '[I]ssues not raised in the trial forum in any form calling for a ruling will not be considered on appeal, for this is a court for correction of errors made by the trial court.' [Cits.]" *Romano v. State*, 193 Ga. App. 682 (1) (388 SE2d 757) (1989). This enumeration of error is without merit.

6. The medical records of defendant's wife showing that she had been treated for condylomata (venereal warts) were introduced into

evidence at trial. Other evidence showed that the male victim in this case had been diagnosed and treated for condylomata after warts were discovered in his rectal area. Defendant, conceding that Georgia has no physician-patient privilege that would prevent disclosure of these records, urges that his wife's federal constitutional privacy rights were violated by the introduction of these records into evidence at trial. Defendant, however, has no standing to assert a privacy right in the records or property of another. We find this enumeration to be without merit.

*Judgment affirmed. Johnson, J., concurs. Carley, P. J., concurs in judgment only.*

DECIDED MARCH 16, 1993.

*Thompson, Fox, Chandler, Homans & Hicks, David A. Fox*, for appellant.

*C. David Turk III, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.