A95A2471. JOHNSON v. THE STATE.
(466 SE2d 63)

JOHNSON, Judge.

John Johnson was indicted for involuntary manslaughter in that he pointed and discharged a loaded handgun at the head of Leslie Towns. Johnson pled not guilty to the indictment. The case was tried before a jury, which found Johnson guilty of misdemeanor involuntary manslaughter. The court sentenced Johnson to 12 months of probation, with the conditions that he reside for 120 days at a boot camp and that he stay in the county jail until reporting to the camp. Johnson appeals.

1. Johnson argues the court erred in admitting similar transaction evidence because the state did not give him notice ten days before trial of its intent to introduce such evidence and the prior transaction is not sufficiently similar to the crime charged in this case. These arguments are without merit.

(a) The state could not have given Johnson any pre-trial notice of its intent to introduce evidence of the similar transaction because it is undisputed that the state did not discover the similar transaction until after the trial had started. Upon its discovery, the state immediately informed Johnson and the court of its desire to introduce evidence of the similar transaction. The court then gave Johnson an opportunity to interview the similar transaction witnesses and held a hearing to determine the admissibility of the prior transaction. "Under such circumstances we find no error in overruling appellant's objection to the presentation of such evidence. Common sense dictates that the State cannot give notice of its intention to introduce evidence ten days prior to trial when it is not aware of the existence of such evidence at that time. [Uniform Superior Court] Rule 31.1 authorizes the trial judge to shorten the time required for giving such notice, and we find no abuse of discretion here." (Citations and punctuation omitted.) *Gilstrap v. State*, 199 Ga. App. 223, 226-227 (6) (404 SE2d 629) (1991), rev'd on other grounds, 261 Ga. 798 (410 SE2d 423) (1991).

Moreover, the state is not required to provide notice of its intent to introduce similar transaction evidence when the defendant places his character in evidence at trial. *Knight v. State*, 207 Ga. App. 846, 848 (3) (429 SE2d 326) (1993); USCR 31.3 (D). Here, contrary to Johnson's argument, he placed his own character in evidence when he elicited testimony from a state witness on cross-examination that Johnson is a responsible and good kid who, to the witness' knowledge, had never been in any trouble. See *Franklin v. State*, 251 Ga. 77, 80-81 (2) (303 SE2d 22) (1983). Because Johnson placed his own character in evidence, the state had no obligation to give notice of its intent to present similar transaction evidence. See *Sidwell v. State*, 185 Ga. App. 138, 139 (1) (363 SE2d 603) (1987).

(b) Johnson's further argument that the prior and current offenses are not similar is specious. The transcript reveals that the night before the killing in this case, Johnson was in the backseat of Brad Horne's motor vehicle when Tara Dietrich got into the front passenger seat. Johnson placed the barrel of a loaded handgun against the back of Dietrich's head, and when she turned around, he kept the gun pointed at her face. As for the current offense, the state presented evidence that Horne and Towns were visiting Johnson at his house when Johnson pointed a loaded handgun at Towns' head and shot her. Under these facts, the court did not err in ruling that

the prior incident is sufficiently like the current crime to be admissible as similar transaction evidence. See *Willis v. State,* 214 Ga. App. 479, 480 (3) (a) (448 SE2d 223) (1994).

2. Johnson complains that the court erred in refusing to dismiss a prospective juror for cause based on the juror's voir dire testimony that he knows a police officer who was listed as a possible state witness, but who did not actually testify at trial, and that he believes the officer to be credible. "The trial court has wide discretion in deciding whether a juror should be excused for cause. The fact that a juror has formed an opinion about the credibility of a witness does not mandate that he be excused for cause." (Citations and punctuation omitted.) *Watts v. State,* 200 Ga. App. 54, 55 (2) (406 SE2d 562) (1991). "In order to disqualify a juror for cause, it must be established that the juror's opinion was so fixed and definite that it would not be changed by the evidence or the charge of the court upon the evidence." (Citations and punctuation omitted.) *Majors v. State,* 203 Ga. App. 139, 141 (3) (416 SE2d 156) (1992). "A juror is not disqualified if he can lay aside whatever opinions or impressions he may have had and decide the case based upon the evidence presented in court." (Citation and punctuation omitted.) *Ward v. State,* 193 Ga. App. 137, 140 (8) (387 SE2d 150) (1989). Here, the juror testified that he could lay aside his opinion of the officer's credibility and decide this case based on the evidence and the court's charge. Given this testimony, the court did not abuse its discretion in refusing to strike the juror for cause. See *Foster v. State,* 248 Ga. 409, 410-411 (3) (283 SE2d 873) (1981); *Adams v. State,* 180 Ga. App. 546, 547 (2) (349 SE2d 789) (1986).

3. Johnson claims the probation conditions that he attend boot camp and that he remain in the county jail until going to the camp are illegal. We disagree with Johnson's argument that completing a boot camp is an authorized condition of probation only for a person convicted of a felony, not for one convicted of a misdemeanor. "The trial judge is expressly authorized by OCGA § 17-10-1 (a) to suspend or probate all or any part of the entire sentence under such rules and regulations as the judge deems proper. OCGA § 42-8-35 sets forth 12 conditions which may be imposed on probation. This list, however, is not exclusive. A trial court certainly has broad discretion to determine the terms and conditions of probation. *In the absence of express authority to the contrary,* we see no logical reason why any reasonable condition imposed for *probation* or suspension of a sentence by a trial court should not be approved." (Citations and punctuation omitted; emphasis in original.) *Tuttle v. State,* 215 Ga. App. 396, 397 (2) (450 SE2d 863) (1994).

There is no express authority that completion of boot camp is not a reasonable condition of probation for a person convicted of a misde-

meanor. It is true that OCGA § 42-8-35.1 (a) provides that a court may order completion of boot camp as a condition for probationers sentenced for felony offenses. But that statute does not expressly prohibit courts from ordering boot camp as an appropriate condition of misdemeanor probation sentences. Because there is no express authority to the contrary, the court did not err in ordering Johnson to complete boot camp as a condition of his misdemeanor probation. See generally *Penaherrera v. State*, 211 Ga. App. 162, 164 (1) (438 SE2d 661) (1993).

The court did, however, err in ordering that as a condition of probation Johnson be confined to the jail until reporting to the boot camp. "[T]he imposition of *any* term of continuous and uninterrupted incarceration in a jail or penitentiary as a special condition of probation . . . is unauthorized by law." (Emphasis in original.) *Pitts v. State*, 206 Ga. App. 635, 639 (3) (426 SE2d 257) (1992). Thus, that erroneous portion of the court's sentence must be vacated and the case remanded with direction that Johnson be resentenced in accordance with the law. Id.

*Judgment affirmed and case remanded with direction. Birdsong, P. J., and Ruffin, J., concur. Smith, J., disqualified.*

DECIDED DECEMBER 6, 1995 —
RECONSIDERATION DENIED DECEMBER 19, 1995 —

*L. Scott McLarty, Robert J. Motyka*, for appellant.
*Harry N. Gordon, District Attorney, Richard L. Dickson, Assistant District Attorney*, for appellee.