A96A2299. RADFORD v. THE STATE.
(477 SE2d 428)

ELDRIDGE, Judge.

Appellant entered a guilty plea to the offenses of escape, interference with government property, and theft by taking a motor vehicle in Thomas County. Part of his sentence was to serve twelve months of incarceration in the county jail as a condition to five years

of probation; he was also ordered to make restitution for damage caused during his escape. Appellant challenges both aspects of his sentence. *Held*:

1. Appellant asserts that the trial court erred as a matter of law in sentencing appellant to serve, as a condition of probation, one year of incarceration in the county jail. We agree.

This Court in *Pitts v. State*, 206 Ga. App. 635, 639 (426 SE2d 257) (1992), held that, in the absence of express statutory authority, "the imposition of *any* term of continuous and uninterrupted incarceration in a jail or penitentiary as a special condition of probation . . . is unauthorized by law." (Emphasis in original.) See also *Johnson v. State*, 219 Ga. App. 547, 550 (466 SE2d 63) (1995). "Thus, that erroneous portion of the court's sentence must be vacated and the case remanded with direction that [appellant] be resentenced in accordance with the law." Id. Such sentence may include a term of incarceration with the balance on probation; a fully probated sentence; intermittent incarceration, such as weekend confinement in a jail; or an alternative program, such as boot camp. *Pitts*, supra; see also *Johnson*, supra; *Penaherrera v. State*, 211 Ga. App. 162 (438 SE2d 661) (1993).

2. In the second enumeration, appellant asserts that the trial court erred as a matter of law in ordering restitution when no hearing was held and no evidence was presented to support the order, as required by OCGA §§ 17-14-8 through 17-14-10. We agree.

Code sections 17-14-8 through 17-14-10 "contemplate a *hearing* and specific written findings by the court in determining whether it will order restitution and, if so, the amount thereof." (Citations and punctuation omitted; emphasis in original.) *Thompson v. State*, 186 Ga. App. 471, 474 (367 SE2d 320) (1988). OCGA § 17-14-10 lists several specific factors which must be considered by the court before ordering restitution. Further, the amount of restitution must be "based on competent and relevant evidence." *Lomax v. State*, 200 Ga. App. 233, 235 (407 SE2d 462) (1991); see also *Lovell v. State*, 189 Ga. App. 311 (375 SE2d 658) (1988).

The transcript of the sentencing hearing in the case sub judice is totally devoid of any evidence to support the amount of restitution ordered by the trial court or of any consideration by the trial court of the factors delineated in OCGA § 17-14-10. " 'Accordingly, we must reverse that portion of appellant's sentence which imposes restitution . . . and remand the case to the trial court with direction that a hearing on the issue of restitution be held at which (OCGA § 17-14-9) and the factors in (OCGA § 17-14-10) are to be considered and we further direct that the written finding required by (OCGA § 17-14-8) be made.' " *Murphy v. State*, 182 Ga. App. 791, 793 (357 SE2d 147) (1987), quoting *Patterson v. State*, 161 Ga. App. 85, 86 (289 SE2d 270)

(1982); see also *Thompson*, supra at 474; *Williams v. State*, 180 Ga. App. 854, 856 (350 SE2d 837) (1986).

*Judgment of conviction affirmed. Sentence and restitution order vacated, and case remanded for re-sentencing. Johnson and Ruffin, JJ., concur.*

DECIDED OCTOBER 23, 1996.

*Ronald R. Parker*, for appellant.

*H. Lamar Cole, District Attorney, Mark E. Mitchell, Assistant District Attorney*, for appellee.