A96A1904. ARDENEAUX v. THE STATE.
(484 SE2d 74)

RUFFIN, Judge.

Arthur Ardeneaux appeals from the trial court's order denying his motion to modify the conditions of his probation. For reasons which follow, we affirm.

Upon convictions for separate counts of aggravated child molestation, child molestation, and cruelty to children, the trial court sentenced Ardeneaux to confinement totaling 30 years. The trial judge further ordered that for each count, Ardeneaux serve a portion of his sentence on probation subject to various conditions, including banishment from the Northeastern Judicial Circuit and all adjacent counties. Ardeneaux's convictions were affirmed by this Court in

1990. *Ardeneaux v. State*, 197 Ga. App. 640 (399 SE2d 258) (1990). Six years later, Ardeneaux moved to modify the banishment condition of his probation, claiming that the trial court abused its discretion and violated his constitutional rights by imposing this condition. The trial court denied Ardeneaux's motion, and he appeals.

1. In his initial appeal following the convictions, Ardeneaux argued that (1) the State failed to prove the allegations in the indictment; (2) the State impermissibly placed his character in issue; (3) the trial court improperly held that the charge of cruelty to children is a lesser included offense of aggravated assault; and (4) the trial court erred in admitting evidence regarding his punishment of the victim and the victim's half-brother and half-sister. *Ardeneaux*, supra. Ardeneaux alleged no error relating to his sentence or the conditions of his probation. Id.

He now claims, however, that an original condition of his probation is objectionable and unconstitutional. We find that this claim presents nothing for review. "[Ardeneaux], who failed to include an appeal from his sentence and probation at the time he appealed his conviction, cannot complain about the terms of his probation at this late date. [Ardeneaux], having once invoked the appellate process, cannot now seek to raise issues which should have been raised in that appeal." *Carver v. State*, 202 Ga. App. 102, 103 (413 SE2d 265) (1991); see also *Brainard v. State*, 246 Ga. 586 (272 SE2d 683) (1980) ("Defendant was apparently satisfied with his sentence at the time it was entered as he did not appeal from it as was his right under [OCGA § 42-8-64]. . . . This being so, he will not be heard to complain at this late date that the fine was excessive.").

2. Ardeneaux further claims that his sentences are void because his probation on the child molestation and cruelty to children counts will commence during his incarceration for aggravated child molestation. Although briefly raising this issue in his modification motion below, Ardeneaux did not request relief from this alleged sentencing error. Instead, he only asked the trial court to modify the banishment condition. We will not grant more relief than was requested below by Ardeneaux, if any. *McGee v. State*, 205 Ga. App. 722, 727 (9) (423 SE2d 666) (1992).

3. Ardeneaux also argues that the trial court erred in not affording him an evidentiary hearing on his motion to modify his probation conditions. A probationer is entitled to an evidentiary hearing before "the State may revoke his probation and require him to serve his originally imposed probationary sentence in confinement." *Derrer v. Anthony*, 265 Ga. 892, 894 (1) (463 SE2d 690) (1995); see also OCGA § 42-8-34.1. Ardeneaux, however, has pointed to no authority supporting his claim that an evidentiary hearing must be held on a

defendant's motion to modify probation under OCGA § 42-8-34 (g).[1] We similarly have found no authority imposing such a requirement, and we refuse to do so in this case. Accordingly, this enumeration of error has no merit.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 13, 1997.

Arthur R. Ardeneaux, *pro se.*

Lydia J. Sartain, *District Attorney,* Leonard C. Parks, Jr., *Assistant District Attorney,* for appellee.

---

[1] To bolster his position, Ardeneaux cites OCGA § 42-8-34 (c). By its clear terms, however, that provision references a hearing to determine whether a defendant's sentence should be suspended or probated. It does not require the trial court to hold a hearing on the defendant's request to modify a previously imposed period of probation.