A03A1156. TAYLOR v. THE STATE.
(582 SE2d 209)

BLACKBURN, Presiding Judge.

This is the second appearance of this case in this Court. In 1994, James Daniel Taylor was convicted by a jury of possession of cocaine and, because this was his fourth felony conviction, sentenced to 25

years imprisonment without possibility of parole. In *Taylor v. State*,[1] we affirmed his conviction. Taylor now appeals the denial of his motion to correct an illegal sentence, arguing that: (1) the notice of aggravation of sentence did not survive his acquittal of possession of cocaine with intent to distribute; (2) notice that the State would seek recidivist sentencing was inadequate; (3) he did not waive his right to a presentence hearing under OCGA § 17-10-2; and (4) the sentence he received was void as a matter of law. For the reasons that follow, we affirm.

1. In his first two enumerations of error, Taylor questions the validity of his sentencing under OCGA § 17-10-7, the recidivist statute. We find that these claims have been waived. Taylor raised objections to his sentencing under the recidivist statute at the presentence hearing. He failed, however, to include an appeal from his sentence at the time he appealed his conviction. Taylor, "having once invoked the appellate process, cannot now seek to raise issues which should have been raised in that appeal." *Carver v. State*.[2] See also *Ardeneaux v. State*;[3] *Brainard v. State*.[4]

2. In his third enumeration of error, Taylor argues that he did not waive his right to a presentence hearing. Our review of the record indicates that the trial court did, in fact, hold a presentence hearing. This enumeration of error is meritless.

3. In his fourth enumeration of error, Taylor argues that his sentence was void. "[A] void sentence can be challenged at any time." *Baez v. State*.[5] However, "it is well established that the trial court has the discretion to impose sentence within the parameters prescribed by the statute and if the sentence is within the statutory limits, the appellate courts will not review it." (Punctuation omitted.) *Holland v. State*.[6] In the instant case, Taylor was found guilty of possession of cocaine. At the presentence hearing, three prior felony convictions were introduced in aggravation of sentencing pursuant to OCGA § 17-10-2 (a). Given Taylor's prior drug convictions and the mandate of OCGA § 17-10-7 (c), Taylor faced a maximum punishment of 30 years in prison under OCGA § 16-13-30 (e) with no possibility of parole. He was sentenced to 25 years in prison with no possibility of parole. Since this sentence is within the statutory guidelines, we decline to review it. Id.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

---

[1] *Taylor v. State*, 230 Ga. App. 749 (498 SE2d 113) (1998).

[2] *Carver v. State*, 202 Ga. App. 102, 103 (413 SE2d 265) (1991).

[3] *Ardeneaux v. State*, 225 Ga. App. 461, 462 (1) (484 SE2d 74) (1997).

[4] *Brainard v. State*, 246 Ga. 586 (272 SE2d 683) (1980).

[5] *Baez v. State*, 257 Ga. App. 129, 130 (570 SE2d 352) (2002).

[6] *Holland v. State*, 232 Ga. App. 284, 285 (2) (501 SE2d 829) (1998).

DECIDED MAY 13, 2003 —

James D. Taylor, *pro se.*
David McDade, *District Attorney,* Christopher R. Johnson, *Assistant District Attorney,* for appellee.